UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANA FOWLER, <br>     Plaintiff, <br> v. <br> WELLS FARGO BANK, N.A., <br>     Defendant. | Case No. 17-cv-02092-HSG <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** <br><br> Re: Dkt. No. 15 |

Pending before this Court is Defendant's motion to dismiss. For the reasons detailed below, the Court **GRANTS** in part and **DENIES** in part the motion.

## I. BACKGROUND

Plaintiff Vana Fowler brings this putative class action alleging violations under California's Unfair Competition Law ("UCL"). Plaintiff alleges that Wells Fargo unlawfully and unfairly collected post-payment interest on mortgages insured by the Federal Housing Administration ("FHA") — part of the Department of Housing and Urban Development ("HUD") — by failing to provide proper notice to borrowers. *See* Dkt. No. 1-1 ("Compl.").

Under HUD regulation 24 C.F.R. § 203.558, banks may collect interest after a borrower repays the full principal on his or her FHA-insured loan if the borrower's repayment is made after the first of the month. *See* 24 C.F.R. § 203.558(c) (2014).[1] Accordingly, banks may collect interest from the date the loan is paid off through the end of the month. *Id.* However, the statute specifies that before banks may collect this post-payment interest, they must provide notice to

---

[1] Plaintiff's proposed class period runs from June 1, 1996, through January 20, 2015. *See* Compl. ¶ 69. Consequently, the earlier 2014 version of the statute, current through January 20, 2015, applies.

borrowers with "a form approved by the [FHA] Commissioner." *See* 24 C.F.R. § 203.558. Plaintiff asserts that these HUD regulations are also incorporated into the banks' promissory notes with borrowers. Compl. ¶¶ 17–18, 21–24.

Here, Plaintiff alleges that Defendant was the holder of her loan, she repaid it on November 25, 2013, and Defendant collected post-payment interest through November 30, 2013. *See* Compl. ¶¶ 51, 58. She asserts that Defendant did not provide her with the proper notice and instead used its own unauthorized form that "does not fairly disclose the terms under which [Defendant] can collect post-payment interest or properly explain how borrowers can avoid such charges." *Id.* ¶¶ 6, 59, 65. According to Plaintiff, Defendant's form suggests that borrowers cannot avoid paying post-payment interest through the end of the month. *Id.* ¶ 66. Plaintiff states that as a result, she was charged interest twice — both by Defendant and her new lender after refinancing. *Id.* ¶ 67. She seeks restitution and any applicable damages on behalf of a class of California borrowers. *Id.* ¶¶ 69, 87.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that amount to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Id.* However, a plaintiff must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555. The Court does not credit allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 n.4 (9th Cir. 2012) (quotation omitted).

## III. ANALYSIS

Plaintiff's sole claim is a violation of California's UCL. *See* Cal. Bus. & Prof. Code §§ 17200 *et seq.* The UCL prohibits any "unlawful, unfair or fraudulent business act or practice

2

and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. The three "prongs" of the UCL are independent of each other and may be asserted as separate claims. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (Cal. 1999). The "unlawful" prong of the UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1474 (Cal. Ct. App. 2006). The "unfair" prong treats as actionable conduct that "violates established public policy or . . . is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *Id.* at 1473.

### A. Unlawful Business Practice

Plaintiff alleges that Defendant's collection of post-payment interest was both unlawful and unfair as it violated § 203.558 and the terms of borrowers' promissory notes. *See* Compl. ¶¶ 79–80. Defendant challenges both the statutory and contractual basis for Plaintiff's claim and the Court addresses each in turn.[2]

#### i. Private Right of Action under 24 C.F.R. § 203.558

Defendant first argues that HUD regulation — 24 C.F.R. § 203.558 — cannot serve as the predicate for a UCL claim because the regulation does not create a private right of action for borrowers. *See* Dkt. No. 15 at 6–9.

The UCL, however, provides a vehicle to challenge any unlawful business practice, including violations of laws for which there is no direct private right of action. *See, e.g.*, *Yanting Zhang v. Superior Court*, 57 Cal. 4th 364, 376–77 (Cal. 2013). It does not enforce a preexisting right, but rather creates an independent claim based on "any" unlawful or unfair conduct. *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal. 4th 553, 573–74 (Cal. 1998) (citing Cal. Bus. & Prof. Code § 17200). The UCL also clarifies that "[u]nless otherwise *expressly provided*, the remedies or penalties provided by [the UCL] are cumulative to each other and to the remedies or penalties available under all other laws of this state." *Id.* (quoting Cal. Bus. & Prof. Code

---

[2] Plaintiff concedes that her Rosenthal Act and False Advertising law claims should be dismissed. *See* Dkt. No. 25 at 2, n.4. The Court accordingly **GRANTS** Defendant's motion to dismiss these claims without leave to amend.

§ 17205) (emphasis added). The remedies and penalties under the UCL are also cumulative to those under federal law. *See Smit v. Charles Scwhab & Co.*, No. 10-CV-03971-LHK, 2011 WL 846697, at *3 (N.D. Cal. Mar. 8, 2011) (collecting cases). Consequently, a bar to private enforcement must be explicit to foreclose a UCL claim. *Stop Youth Addiction*, 17 Cal. 4th at 573. The Court may not "insert qualifying provisions not included, and may not rewrite the statute to conform to an assumed intention which does not appear from its language." *Id.*

Defendant points to the enforcement scheme overseen by HUD's Mortgagee Review Board as evidence that private enforcement is explicitly foreclosed. *See* Dkt. No. 15 at 7. The Board is "empowered to initiate the issuance of a letter of reprimand, the probation, suspension, or withdrawal of any mortgagee found to be engaging in activities in violation of [FHA] requirements." 12 U.S.C. § 1708(c)(1). And § 203.558 further provides that "[i]f the mortgagee fails to meet the full disclosure requirements . . ., the mortgagee *may* be subject to forfeiture . . . and to such other actions as are provided [by the regulations]." 24 C.F.R. § 203.558(e) (2014) (emphasis added). But these provisions provide for a permissive enforcement action by the Board, not an exclusive one. *Cf. Newton v. Am. Debt Servs., Inc.*, No. C-11-3228 EMC, 2014 WL 806152, at *3 (N.D. Cal. Feb. 27, 2014) (permitting a UCL claim based on a violation of the Proraters law because it granted *permissive* but not *sole* enforcement authority to the Department of Corporations Commissioners).

Defendant's other authorities are similarly unpersuasive. *Pfeifer v. Countrywide Home Loans, Inc.*, is a wrongful foreclosure case that did not involve a UCL claim. 211 Cal. App. 4th 1250, 1266–67 (Cal. Ct. App. 2012). The Court acknowledges that the district courts in *Aleem v. Bank of America*, No. EDCV09-01812-VAP RZX, 2010 WL 532330, at *3 (C.D. Cal. Feb. 9, 2010), and *Toneman v. U.S. Bank*, No. CV1209369MMMMRWX, 2013 WL 12132049, at *20 (C.D. Cal. Oct. 21, 2013), dismissed claims under the UCL that were based on statutes that did not contain private rights of action. However, they did so with little analysis. Instead they relied on another district court case, *Summit Tech., Inc. v. High-Line Med. Instruments Co.*, 922 F. Supp. 299, 316 (C.D. Cal. 1996), that predates the California state court cases discussed above and provides no independent analysis to justify its reasoning. The Court declines to deviate from the

4

California Supreme Court's explanation that a UCL claim may stand, whether or not the underlying statute provides a private right of action.

Because § 203.558 does not explicitly bar private enforcement, the Court concludes that a UCL claim premised on a violation of this regulation may proceed. *See, e.g.*, *Newton*, 2014 WL 806152, at *3; *Smit*, 2011 WL 846697, at *3 (permitting a UCL claim under the Investment Company Act because there was no "express bar prohibiting private enforcement of the ICA"). Accordingly, the Court **DENIES** Defendant's motion to dismiss Plaintiff's UCL claim on that basis.

### ii. Breach of Contract

Defendant next argues that to the extent Plaintiff's UCL claim is premised on a breach of contract theory, this also fails because the regulations are not incorporated by reference into the promissory note and, even if they were, they cannot form the basis of an affirmative breach of contract claim under California law. *See* Dkt. No. 27 at 10–12.

### a. Incorporation by Reference

When interpreting contracts, the overarching goal is to effectuate the parties' intent. Cal. Civ. Code § 1636 ("A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting."). The plain language governs. Cal. Civ. Code § 1638 ("The language of a contract is to govern its interpretation, if the language is clear and explicit."); *see also* Cal. Civ. Code § 1639 ("When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible.").

Under California law, the terms of an extrinsic document may be incorporated by reference in a contract if: "(1) the reference is clear and unequivocal, (2) the reference is called to the attention of the other party and he consents thereto, and (3) the terms of the incorporated document are known or easily available to the contracting parties." *DVD Copy Control Ass'n, Inc. v. Kaleidescape, Inc.*, 176 Cal. App. 4th 697, 713 (Cal. Ct. App. 2009). This may include specific statutes or regulations. *See, e.g.*, *Bushell v. JPMorgan Chase Bank, N.A.*, 220 Cal. App. 4th 915, 925–28 & n.9 (Cal. Ct. App. 2013) (recognizing incorporation by reference of Home Affordable Mortgage Program, despite the HAMP guidelines' lack of a federal private right of action). And

much like the UCL, which creates a separate cause of action from any underlying legal violation, "[w]hen statutory language is included in a contract, it assumes a new legal identity: that of contractual language." *300 DeHaro St. Inv'rs v. Dep't of Hous. & Cmty. Dev.*, 161 Cal. App. 4th 1240, 1256 (Cal. Ct. App. 2008). As such, it is enforceable as a term of the contract. *Cf. Bushell*, 220 Cal. App. 4th at 928 ("To find otherwise would require adopting the novel presumption that where Congress provides no remedy under federal law, [traditional] state law [principles] may not afford one in its stead.") (quoting *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 581 (7th Cir. 2012)).

Here, Plaintiff alleges that under the promissory note, "Lender shall accept prepayment on other days provided that Borrower pay interest on the amount prepaid for the remainder of the month *to the extent required by Lender and permitted by regulations of the Secretary*." Compl. ¶ 24 (emphasis added). The Court finds that Plaintiff has thus adequately alleged that the HUD regulations are incorporated by reference into the promissory note to survive a motion to dismiss. Although Defendant may argue with the significance of this clause, the Court cannot, as a matter of law, find Plaintiff's interpretation implausible: the provision itself is about prepayment and it is at least plausible at this stage that the regulations referred to here include § 203.558, entitled "Handling prepayments." *See* 24 C.F.R. § 203.558 (2014).

### b. Affirmative Claim

Defendant next argues that, even if incorporated, Plaintiff may not assert an affirmative breach of contract claim on the basis of § 203.558. Defendant relies on *Pfeifer v. Countrywide Home Loans, Inc.*, 211 Cal. App. 4th 1250, 1256 (Cal. Ct. App. 2012), in concluding that California does not recognize a breach of contract claim based on the violation of HUD regulations.

In *Pfeifer*, the plaintiffs sought declaratory relief for wrongful foreclosure based on the lender's failure to conduct a face-to-face interview prior to conducting a nonjudicial foreclosure, as required by HUD's servicing regulations. *Id.*; *see also* 24 C.F.R. § 203.604(b). The court held that the plaintiffs could request to enjoin the foreclosure proceedings based on the lender's failure to comply with the HUD regulations. *Pfeifer*, 211 Cal. App. 4th at 1268. However, as part of this

analysis, the court sustained the trial court's rejection of plaintiffs' breach of contract claim, stating in a sentence that it "agrees with the majority of courts that have concluded that the breach of [HUD servicing] regulations do[es] not ordinarily provide a private right of action." *Id.* at 1282 (citing *Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 360 (5th Cir. 1977)). Yet the Court of Appeal did not discuss — nor does Defendant explain — why HUD regulations that are properly incorporated into a contract are not contract terms that can form the basis of a breach of contract claim. *Roberts*, in turn, merely stands for the undisputed proposition that the HUD regulations on their own do not supply a private right of action. 556 F.2d at 358–62. The case says nothing about whether parties may create contractual obligations based on HUD regulations under California law, nor does it categorically bar parties from doing so, saying only that "ordinarily" the HUD servicing regulations do not provide private rights of action. *Id.* The Court accordingly declines to adopt Defendant's broad reading of *Pfeifer* and instead follows California's general guidance for contract interpretation discussed above. *Accord Dorado v. Bank of Am., N.A.*, No. 1:16-CV-21147-UU, 2016 WL 3924115, at *4 (S.D. Fla. July 21, 2016) (rejecting motion to dismiss breach of contract claim under California law for violating same incorporated HUD regulation); *Bates v. JPMorgan Chase Bank, NA*, 768 F.3d 1126, 1130 (11th Cir. 2014) (holding that "Georgia courts would hold that HUD regulations clearly referenced in a deed as conditions precedent to the power to accelerate and the power of sale could form the basis of a breach of contract action"); *cf. Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1203 (9th Cir. 2002) ("[F]ederal courts must predict how the state's highest court would resolve" questions of state law).

Here, Plaintiff has identified the provision of the promissory note — allegedly incorporating § 203.558 — that Defendant allegedly breached and her resulting damages. The Court finds that this is enough under California law to survive at the motion to dismiss stage. *See Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (Cal. 2011) (breach of contract elements); *Frances T. v. Vill. Green Owners Ass'n*, 42 Cal. 3d 490, 512 (Cal. 1986) (en banc). Accordingly, the Court **DENIES** Defendant's motion to dismiss Plaintiff's UCL claim on that basis.

### B. Unfair Business Practice

As stated above, Plaintiff has alleged sufficient facts to support her theory that Defendant's collection of post-payment interest was unlawful under § 203.558 and the terms of her promissory note. Plaintiff further alleges that Defendant did not provide her with the proper notice and instead used its own unauthorized form that suggested that borrowers cannot avoid paying post-payment interest through the end of the month. Compl. ¶¶ 6, 59, 65–66. The Court finds that this adequately supports her claim that Defendant's acts were unfair and **DENIES** Defendant's motion to dismiss on that basis.

### C. Unjust Enrichment

Defendant next argues that Plaintiff's UCL theory based on unjust enrichment fails because California does not recognize an independent cause of action for unjust enrichment. *See* Dkt. No. 27 at 3. The Court agrees. In California, "[u]njust enrichment is synonymous with restitution." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (Cal. Ct. App. 2010); *see also Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). Restitution, however, is a remedy and not a standalone cause of action. *Astiana*, 783 F.3d at 762; *see also Munoz v. MacMillan*, 195 Cal. App. 4th 648, 661 (Cal. Ct. App. 2011). The Ninth Circuit has nevertheless held that "[w]hen a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution." *Astiana*, 783 F.3d at 762 (quotation omitted). The goal of a quasi-contract cause of action is to prevent unjust enrichment in the absence of a true contract or where the contract was obtained by fraud. *McBride v. Boughton*, 123 Cal. App. 4th 379, 388 (Cal. Ct. App. 2004). Here, however, because this action involves an actual, express agreement, relief under a quasi-contract is unnecessary, and also was not properly pled in the complaint. The Court **GRANTS** Defendant's motion to dismiss on that basis without leave to amend.

///
///
///
///

**IV. CONCLUSION**

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's UCL claim to the extent that it is premised on an unjust enrichment theory, but otherwise **DENIES** the motion in its entirety. Defendant has 21 days from the date of this Order to answer the complaint.

**IT IS SO ORDERED.**

Dated: 9/11/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge