*FOWLER, et al. v. WELLS FARGO BANK, N.A.*

United States District Court
Northern District of California
Case No. 3:17-cv-02092-HSG

Settlement and Release Agreement

June 2018

# TABLE OF CONTENTS

**Page**

Recitals ........................................................................................................................... 1

1.     Definitions ............................................................................................................. 4

2.     Conditions and Effectiveness of Agreement ....................................................... 12

3.     Settlement Consideration .................................................................................... 17

4.     Qualified Settlement Fund ................................................................................. 18

5.     Payments From Settlement Fund ....................................................................... 19

6.     Retention and Duties of Settlement Administrator ............................................ 23

7.     Notice to Class and Settlement Website ............................................................ 25

8.     Covenants Not to Sue ......................................................................................... 27

9.     Representations and Warranties ......................................................................... 27

10.    Releases ............................................................................................................... 28

11.    Opt Out Rights ................................................................................................... 30

12.    Objections ........................................................................................................... 31

13.    Termination ........................................................................................................ 32

14.    Certification of Settlement Class for Settlement Purposes ................................. 35

15.    Attorneys' Fees, Litigation Costs and Incentive Awards ................................... 35

16.    Stay of Discovery and Other Proceedings ......................................................... 38

17.    Return/Destruction of Discovery Materials ....................................................... 38

17.    Media and Confidentiality ................................................................................. 39

19.    Notices ............................................................................................................... 40

20.    Miscellaneous Provisions ................................................................................... 41

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and among (i) Plaintiffs Vana Fowler ("Fowler") and Michael Peters ("Peters"); together, the ("Class Representatives"), individually and as class representatives on behalf of the Settlement Class, and (ii) Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (collectively the "Parties").  The Parties intend and agree to resolve, discharge and settle fully, finally and forever all claims of the Settlement Class asserted in the class action captioned *Fowler v. Wells Fargo Bank, N.A.,* Case No. 3:17-cv-02092-HSG, pending in the United States District Court for the Northern District of California (the "Action"), subject to approval of the Court.

### RECITALS

A.      On or about March 9, 2017, Fowler filed a putative class action complaint (the "Class Action Complaint") against Wells Fargo, seeking to represent a class of California borrowers that paid Post-Payment Interest to Wells Fargo at the payoff of their FHA-Insured Loans.

B.      On or about May 5, 2017, Wells Fargo filed a motion to dismiss the Class Action Complaint on the grounds that a borrower may not bring a claim based on California's Unfair Competition Law ("UCL") predicated on breach of contract, unjust enrichment, violation of the Rosenthal Act, or based upon violation of HUD regulations.  After full briefing and oral argument, that motion was granted in part and denied in part on September 9, 2017.

C.      On or about August 1, 2017, Peters filed a putative class action complaint against Wells Fargo, and amended that complaint on September 6, 2017, seeking to represent a nationwide class of borrowers (excluding California) and a subclass of Texas borrowers that paid Post-Payment Interest to Wells Fargo at the payoff of their FHA-Insured Loans.

D.      On or about September 20, 2017, Wells Fargo filed a motion to dismiss and a motion to transfer the case to the United States District Court for the Eastern District of Texas. The motion to transfer was granted on January 12, 2018.  Peters voluntarily dismissed the Texas Action and Wells Fargo consented to the addition of Peters as a party to the Class Action Complaint pursuant to a Joint Stipulation to Conditionally Amend the Complaint for Settlement Purposes.

E.      Fowler and Wells Fargo have engaged in discovery, including the exchange of written discovery requests and responses, and the production of documents in this and related actions.  The Parties also have engaged in extensive briefing, including the motion to dismiss, motion to stay discovery, discovery disputes, and attempts to mark the case as related to other pending litigation.

F.      Fowler and Wells Fargo engaged in a full day of mediation before the Honorable Daniel Weinstein (Ret.), which concluded with a mediator's proposal for resolution of a nationwide class.

G.      Based upon their discovery, investigation, and evaluation of the facts and law relating to the matters alleged in the pleadings, and following a full day of mediation, the Parties have agreed to settle this Action pursuant to the provisions of this Agreement.

H.      Simultaneous with the filing of the Motion for Preliminary Approval, the Parties agree to file a Joint Stipulation to Conditionally Amend the Complaint for Settlement Purposes, in order to bring claims for breach of contract on behalf of a nationwide class, solely for purposes of conforming the Complaint to the scope of the Settlement.

I.      Wells Fargo has denied and continues to deny each and every allegation of liability, wrongdoing, and damages, as it has substantial factual and legal defenses to all claims and class

allegations asserted in the Action.  Wells Fargo has always maintained, and continues to maintain, that it has acted in accordance with all governing law.  The Class Representatives maintain the strength of their positions.  This Agreement shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of the Parties with respect to any claim by any Class Member, any fault, liability, wrongdoing or damage, or any defenses that Wells Fargo asserted.  Wells Fargo nonetheless has concluded that continuing to defend against the Action would be protracted, expensive and disruptive to its business.  It therefore has decided that it is desirable to fully and finally settle the Action on the terms and conditions set forth herein to avoid the further expense, inconvenience and distraction of the Action and to dispel any related uncertainty.

J.      By this Agreement, and recognizing the consideration provided for under this Agreement, the Class Representatives and Class Counsel intend to fully and finally resolve certain claims against Wells Fargo in connection with the Action, as more fully set forth herein.

K.      The Class Representatives and Class Counsel recognize the expense and length of proceedings necessary to continue the litigation through further motion practice, trial and any possible appeals.  They have taken into account the uncertainty and risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation.  They are also aware of the burdens of proof necessary to establish liability and damages for the claims alleged in the Action and the defenses thereto.  Based upon their evaluation, the Class Representatives and Class Counsel have determined that the Settlement set forth in the Agreement is in the best interests of the Class Representatives and the Class and is fair, adequate and reasonable.

L.      This Agreement and all associated exhibits or attachments are made for the sole purpose of attempting to consummate settlement of this Action on a class-wide basis.  This

Agreement and the Settlement it evidences are made in compromise of disputed claims.  Because the Action is pled as a class action, this Settlement must receive preliminary and final approval by the Court.  Accordingly, the Class Representatives and Wells Fargo enter into this Agreement and associated Settlement on a conditional basis.   In the event that Wells Fargo or the Class Representative exercises a right herein to terminate or rescind this Agreement, the Court does not enter the Final Approval Order, or the associated Judgment does not become Final for any reason, this Agreement shall be deemed null and void *ab initio*, it shall be of no force or effect whatsoever, it shall not be referred to or utilized for any purpose whatsoever by anyone, and the negotiation, terms and entry of the Agreement shall remain subject to the provisions of Federal Rule of Evidence 408, any and all state statutes of a similar nature, and the mediation privilege. Notwithstanding the foregoing, Wells Fargo may use, offer, admit, or refer to the Agreement and to the Settlement reached therein where necessary to defend itself in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding.

M.     The Parties expressly reserve all rights, claims and defenses and do not waive any such rights, claims or defenses in the event that the Agreement is not approved for any reason. The Parties agree that they each retain and reserve all rights, and agree not to take a position to the contrary.  The Class Representatives and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that Wells Fargo could not contest class certification and/or proceeding collectively on any grounds if the Action were to proceed or that this Agreement is evidence of or constitutes an admission that class certification may be appropriate.

**1.     Definitions.**

As used in all parts of this Agreement, including the recitals above, and the exhibits hereto, the following terms have the meanings specified below:

1.1     "Action" means the civil action captioned *Fowler v. Wells Fargo Bank, N.A.,* Case No. 3:17-cv-02092-HSG, filed on or about March 9, 2017 and currently pending in the United States District Court for the Northern District of California.

1.2     "Agreement" or "Settlement Agreement" means this Settlement Agreement and Release and all of its attachments and exhibits, which the Class Representatives and Wells Fargo understand and agree sets forth all material terms and conditions of the Settlement of the Action between them and which is subject to Court approval.  It is understood and agreed that Wells Fargo's obligations under this Agreement are conditioned on, *inter alia*, the occurrence of the Effective Date and other conditions set forth in this Agreement.

1.3     "Attorneys' Fees and Expenses" means such funds as may be awarded to Class Counsel to compensate them for their fees and expenses incurred by Class Counsel in connection with the Action.

1.4     "Wells Fargo" means Wells Fargo Bank, N.A., a defendant in the Action.

1.5     "Class" means the collective group of all persons nationwide who had an FHA-Insured Loan that was originated beginning June 1, 1996 and ending January 20, 2015, where (i) Wells Fargo, its agent, or its predecessor was the mortgagee as of the date the total amount due on the FHA-Insured Loan was brought to zero, (ii) Wells Fargo collected Post-Payment Interest on the FHA-Insured Loan during the applicable Limitations Period, and (iii) the borrower made a prepayment inquiry, request for payoff figures, or tender of prepayment but did not receive a Payoff Statement containing the verbatim Post-Payment Interest disclosure language in Housing Handbook, 4330.1 REV-5 Appendix 8(c) or the verbatim language contained in the "Payoff Disclosure" referenced in the Housing Handbook 4000.1.  Excluded from the Class are Wells Fargo, all officers, directors, and employees of Wells Fargo, and their legal representatives, heirs,

- 5 -

or assigns, and any Judges to whom the Action is assigned, their staffs, and their immediate families.

1.6    "Class Counsel" means, collectively, the counsel of record representing the Class Representatives in the Action.

1.7    "Class Member" means a member of the Class according to the Class definition herein.

1.8    "Class Representative" or "the Class Representatives" means Vana Fowler and Michael Peters, the named plaintiffs and proposed class representatives in the Action identified in the first paragraph of this Agreement.

1.9    "Complaint" and "Class Action Complaint" refer to the class action complaint filed by the Class Representatives or either of them in the Action, including any amended complaints.

1.10    "Court" means the United States District Court for the Northern District of California.

1.11    "Defense Counsel" means Wells Fargo's counsel of record in the Action.

1.12    "Effective Date" means the date when all of the conditions set forth in section 2 have occurred, provided, however, that Wells Fargo has not exercised its right of termination under section 13 of this Agreement.

1.13    "FHA-Insured Loan" means any mortgage or deed of trust that is insured by the Federal Housing Administration, along with the underlying note or other security instrument secured by the mortgage or deed of trust.

1.14    "Final" means five (5) business days after the latest of:  (i) the date of final affirmance on an appeal of the Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal from the Judgment; and (iii) if no appeal is filed, the expiration date of the time

for the filing or noticing of any form of valid appeal or writ review from the Judgment.  If the Judgment is set aside, modified, or overturned by any court including on appeal and is not fully reinstated on appeal, the Judgment shall not become final.

1.15    "Final Approval Hearing" means a hearing set by the Court to take place on or about the date which is thirty (30) days after the Opt-Out Deadline for the purpose of:

> i.    Determining the fairness, adequacy and reasonableness of the Agreement and associated Settlement pursuant to class action procedures and requirements;
>
> ii.    Determining the good faith of the Agreement and associated Settlement; and
>
> iii.    Entering Judgment.

1.16    "Final Approval Order" means an order to be entered and filed by the Court entitled "Final Judgment and Order of Dismissal with Prejudice," in the same or substantially the same form as Exhibit 4 hereto.

1.17     "Judgment" means the Final Approval Order and judgment to be rendered by the Court pursuant to this Agreement, in the same or substantially the same form as Exhibit 4 hereto, or in a similar form without material changes thereto.

1.18    "Limitations Period" means the statute of limitations period for a claim on a written contract in the state in which the property securing the FHA-loan is located.

1.19    "Notice" means the notice that is provided to potential Class Members, in the same or substantially the same form as Exhibit 1 and Exhibit 2 hereto and/or as ultimately approved by the Court.

1.20    "Notice List" means a list, to be treated as Confidential pursuant to the terms of the Protective Order, to be prepared by or at the direction of Wells Fargo and listing the names and addresses of all Class Members, and a calculation of the amount of Post-Payment Interest paid by each Class Member.

1.21    "Objection Deadline" means the date identified in the Preliminary Approval Order and Notice by which a Settlement Class Member must serve written objections to the Settlement, if any, in accordance with section 12 of this Agreement, to be able to object to the Settlement.  The Objection Deadline shall be no later than thirty (30) days prior to the Final Approval Hearing or as the Court may otherwise direct.

1.22    "Opt-Out Deadline" means the date identified in the Preliminary Approval Order and Notice by which a Request to Opt Out must be filed or submitted in writing to the Settlement Administrator in accordance with section 11 of this Agreement in order for a person who would otherwise fall within the definition of Settlement Class to be excluded from the Settlement Class. The Opt-Out Deadline shall be no later than thirty (30) days prior to the Final Approval Hearing, or as the Court may otherwise direct.

1.23    "Party" or "Parties" means the Class Representatives, on behalf of themselves and all Members of the Settlement Class, and Wells Fargo.

1.24    "Payoff Statement" means the document provided in response to a borrower's prepayment inquiry, request for payoff figures, or tender of prepayment pursuant to 24 C.F.R. § 203.558.

1.25    "Post-Payment Interest" means interest charged on an FHA-Insured Loan from the date that the FHA-Insured Loan was paid in full through the end of that month, if the FHA-Insured Loan was not paid off on the first calendar or business day of that month.

1.26    "Preliminary Approval Order" means an order to be executed and filed by the Court entitled "Order Preliminarily Approving Settlement and Providing for Notice" in the same or substantially the same form as Exhibit 3 hereto.

1.27    "Protective Order" means the Protective Order entered in the Action by the Honorable Elizabeth D. Laporte on or about August 31, 2017.

1.28    "Released Claims" means any and all claims, defenses, demands, objections, actions, causes of action, rights, offsets, setoffs, suits, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary, sanctions or damage for contempt, injunctive, or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether a known or Unknown Claim, suspected or unsuspected, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, arise out of, or relate to allegations that were or could have been asserted in the Class Action Complaint related to Post-Payment Interest on each Class Member's FHA-Insured Loan.  It is the intention of the Class Representatives to provide a general release of all Released Claims against the Releasees for claims related to Post-Payment Interest.

1.29    "Releasees," "the Releasees," or "the Released Parties" means each of (1) Wells Fargo; (2) each of Wells Fargo's past, present or future subsidiaries, parent companies, divisions, affiliates, partners or any other organizational units of any kind doing business under their names, or doing business under any other names, or any entity now or in the past controlled by, controlling, or under the common control with any of the foregoing and doing business under any other names, and each and all of their respective affiliates and subsidiaries, and each of their respective

predecessors, successors, and assigns, as well as any past, present, or future person or entity that held any interest in the FHA-Insured Loan at the time the full outstanding balance was brought to zero; and (3) each of the present and former officers, directors, partners, shareholders, agents, employees, attorneys (including any consultants hired by counsel), advisors, trustees and co-trustees, investment advisors, associates, investment bankers, independent contractors, representatives, beneficial owners, insurers, accountants, heirs, executors, and administrators, and each of their respective predecessors, successors, and assigns of any person or entities in subparts (1) or (2) hereof.  This specifically includes Wells Fargo & Company.

1.30    "Releasors" means the Class Representatives, all Settlement Class Members, and each of their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by or through any or all of them.

1.31    "Request to Opt Out" means the written request from a Class Member that seeks to exclude that person from the Settlement Class and that complies with the requirements set forth in section 11 of this Agreement.

1.32    "Settlement" means the settlement terms set forth in this Agreement.

1.33    "Settlement Administrator" means a third-party agent or administrator that Wells Fargo selects to help implement and effectuate the terms of this Agreement.

1.34    "Settlement Class" means the collective group of all of the Class Members who do not properly and timely exclude themselves from the Settlement, and thus means the collective group of all of the Class Members who will become bound by the Judgment when the Effective Date occurs.

1.35    "Settlement Class Member" or "Member of the Settlement Class" means any person who is a member of the Settlement Class.

1.36    "Settlement Fund" means the Thirty Million dollars ($30,000,000.00) that Wells Fargo shall pay pursuant to section 3 of the Agreement.

1.37    "Settlement Website" means the website to be established by the Settlement Administrator as set forth in section 7.

1.38    "Unknown Claims" mean any Released Claims which any Releasor does not know or suspect to exist in his or her favor at the time of the entry of the Judgment, and which, if known by him or her might have affected his or her settlement with and release of the Releasees, or might have affected his or her decision to opt out of the Settlement Class or to object to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Class Representatives shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have to the fullest extent allowed by law, waived the provisions, rights, and benefits of any statute or principle of common law similar to California Civil Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR**.

Each Releasor may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the Released Claims, but the Releasors, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released to the fullest extent allowed by law any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not

limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, contract, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Class Representatives acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material term of the Settlement of which this release is a part.

**2.**      **Conditions and Effectiveness of Agreement.**

2.1      This Agreement is expressly contingent upon the satisfaction, in full, of the material conditions set forth below.  The Effective Date of this Agreement shall be the date when all of the following listed below shall have occurred.

2.2      The Parties have signed the Agreement.

2.3      <u>CAFA</u>. This Settlement shall be administered as if governed by 28 U.S.C. § 1715. Wells Fargo shall be responsible for providing the notice to government officials under that statute but in no event shall the Final Approval Hearing take place prior to the provision of effective notices and the expiration of the statutory time.  The Final Approval Order shall make a finding that 28 U.S.C. § 1715 was fully complied with.

2.4      <u>Court Approval</u>.   The Court approves this Agreement in accordance with the following steps:

2.4.1      <u>Motion for Preliminary Approval</u>.   After good faith consultation with Defense Counsel, Class Counsel will present a Motion for Preliminary Approval to the Court within twenty (20) days of execution of this Agreement, including the Notice in the same or

substantially the same form as Exhibit 1 and Exhibit 2 hereto, and the Preliminary Approval Order the same or substantially the same form as Exhibit 3 hereto.

2.4.2    <u>Certification of Class for Settlement Purposes</u>.  In connection with the proceedings for Preliminary and Final Approval, the Class Representatives shall seek orders (Preliminary and Final, respectively) certifying the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure for purposes of this Settlement only.

2.4.3    <u>Entry of Preliminary Approval Order</u>.  The Court shall enter a Preliminary Approval Order in the same or substantially the same form as attached Exhibit 3 hereto, which shall among other things:

a.    Preliminarily certify the proposed Class under Rule 23 of the Federal Rules of Civil Procedure for settlement purposes only;

b.    Preliminarily approve this Agreement as fair, reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure subject to final determination by the Court;

c.    Approve the Parties' Joint Stipulation to Conditionally Amend the Complaint for Settlement Purposes;

d.    Approve the appointment of the Class Representatives as representatives of the Class for the Settlement and the appointment of Class Counsel as counsel for the Class for the Settlement;

e.    Approve a form of Notice in the same or substantially the same form as Exhibit 1 and Exhibit 2 hereto to be provided to the individuals on the Notice List;

f.    Direct the Settlement Administrator, within forty-five (45) days after entry by the Court of the Preliminary Approval Order, to mail the postcard Notice in the same or

substantially the same form as Exhibit 1 hereto to each individual on the Notice List by first-class mail;

g.      Direct the Settlement Administrator, within forty-five (45) days after entry by the Court of the Preliminary Approval Order, to establish the Settlement Website, which shall contain copies of the Agreement and Exhibits, including the long-form Notice in the same or substantially the same form as Exhibit 2 hereto;

h.      Schedule a Final Approval Hearing on final approval of this Settlement at least one hundred twenty (120) days after entry of the Preliminary Approval Order;

i.      Establish a procedure for Class Members to exclude themselves and set an Opt-Out Deadline, no later than thirty (30) days before the Final Approval Hearing, after which no Class Member shall be allowed to opt out of the Settlement and shall be bound to the terms of the Settlement;

j.      Establish a procedure for Settlement Class Members to appear and/or object to the Settlement and set an Objection Deadline, no later than thirty (30) days before the Final Approval Hearing, after which no Settlement Class Member shall be allowed to object;

k.      Require any attorneys representing Settlement Class Members, at the Settlement Class Member's expense, to file a notice of appearance;

l.      Stay all proceedings in the Action against Wells Fargo, other than proceedings as may be necessary to carry out the terms and conditions of the Agreement;

m.      Pending Final Approval, and upon expiration of the Opt-Out Deadline, preliminarily enjoin each Settlement Class Member from maintaining, commencing, prosecuting or pursuing directly, representatively, or in any other capacity any Released Claim subsumed and covered by the Release in this Agreement in any court or arbitration forum;

n.     Contain such other and further provisions consistent with the terms and provisions of this Agreement as the Court may deem advisable; and

o.     Authorize the Parties to take all necessary and appropriate steps to establish the means necessary to implement the terms of this Agreement.

2.5     <u>Notice to Class Members</u>.  The Settlement Administrator shall cause the postcard Notice in the same or substantially the same form as Exhibit 1 hereto to be mailed, and the long-form Notice in the same or substantially the same form as Exhibit 2 hereto to be posted to the Settlement Website, pursuant to the Preliminary Approval Order and the terms of this Agreement.

2.6     <u>Order of Final Approval and Judgment</u>.  The Court shall enter the Final Approval Order in the same or substantially in the same form attached as Exhibit 4 hereto, which shall, among other things:

a.     Find that (i) the Court has personal jurisdiction over the Settlement Class Members, (ii) the Court has subject matter jurisdiction over the claims asserted in the Action, and (iii) venue is proper;

b.     Finally approve the Settlement;

c.     Finally certify the Settlement Class for settlement purposes only;

d.     Find that the form and means of disseminating the Notice complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution, CAFA, and find that the Parties and procedures used complied with federal law so as to give full effect to the Settlement;

e.     Enter Final Judgment with respect to the Released Claims of all Settlement Class Members and dismiss the Released Claims with prejudice;

f.      Make the Releases in section 10 of this Agreement effective as of the date of the Final Judgment;

g.      Permanently bar and enjoin the Class Representatives and all Settlement Class Members from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction for the Released Claims;

h.      Permanently bar and enjoin the Class Representatives and all Settlement Class Members from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, or persons who would otherwise fall within the definition of Settlement Class Members but who have requested to be excluded from the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action in any jurisdiction based on or relating to any of the Released Claims);

i.      Find that, by operation of the entry of the Judgment, the Class Representatives and all of the Settlement Class Members shall be deemed to have forever released, relinquished, and discharged the Released Parties from any and all Released Claims;

j.      Authorize the Parties to implement the terms of this Agreement;

k.      Retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of the Agreement, the Final Judgment, and for any other necessary purpose; and

l.      Issue related orders to effectuate the Final Approval of the Settlement and its implementation.

2.7     <u>No Injunctive Relief</u>.  The Final Approval Order and Judgment shall not provide for any injunctive relief against Wells Fargo.

2.8     Finality of Judgment.   The Final Approval Order has become Final, including

expiration of the time for filing any appeal or other form of objection to the Final Approval Order,

full and final resolution of any appeal or objection that may be filed, and expiration of the time for

seeking review of that disposition through an appeal, *en banc* hearing, or higher level of review.

## 3.     **Settlement Consideration.**

3.1     In consideration for the Releases set forth in section 10, Wells Fargo will provide

the following benefits.

3.2     Within thirty (30) days of the Court's entry of the Preliminary Approval Order,

Wells Fargo will initially fund the Settlement Fund by depositing into an escrow account, the terms

of which shall be subject to Wells Fargo's approval, with the Settlement Administrator the sum of

Five Hundred Thousand Dollars ($500,000.00) to cover initial costs and expenses for

implementing the terms of the Settlement set forth herein.   Within thirty (30) days of the Effective

Date, Wells Fargo will fund the Settlement Fund by depositing into the escrow account the

remaining Settlement Fund balance of Twenty Nine Million Five Hundred Thousand Dollars

($29,500,000.00).   The Settlement Fund shall be used to pay: (i) the Settlement Administrator's

costs associated with disseminating the Class Notice, and any escrow, administrative and/or bank-

related fees and costs associated with the Settlement Administrator's distribution of payments to

Settlement Class Members, (ii) distributions to Settlement Class Members, as described in section

5 of this Agreement, and (iii) such Incentive Awards to the Class Representatives and Attorneys'

Fees and Expenses as described in section 15 of this Agreement.

3.3     In the event that there is any residual amount in the Settlement Fund after the

distributions required by this Agreement are completed, that residual amount shall revert to and be

the sole property of Wells Fargo.

3.4     Following the Effective Date and Wells Fargo's satisfaction of its payment obligations, Class Counsel will execute and file an acknowledgement that Wells Fargo has satisfied the payment obligations under the Settlement Agreement.

## 4.     **Qualified Settlement Fund.**

4.1     The Settlement Fund shall constitute a "qualified settlement fund" ("QSF") within the meaning of Treasury Regulation Section 1.468B-1 promulgated under Section 468B of the Internal Revenue Code of 1986 as amended.  The Settlement Administrator shall be the "administrator" within the meaning of Treasury Regulation § 1.468B-2(k)(3).

4.2     Upon or before establishment of the QSF, the Settlement Administrator shall apply for an employer identification number for the QSF utilizing Internal Revenue Service Form SS-4 and in accordance with Treasury Regulation § 1.468B-2(k)(4), and shall provide Wells Fargo with that employer identification number on a properly completed and signed IRS Form W-9.

4.3     If requested by either Wells Fargo or the Settlement Administrator, the Settlement Administrator and Wells Fargo shall fully cooperate in filing a relation-back election under Treasury Regulation § 1.468B-1 (j)(2) to treat the QSF as coming into existence as a settlement fund as of the earliest possible date.

4.4     Following its remittances of the Settlement Fund monies as described in paragraph 3.2. of this Agreement, Wells Fargo shall have no responsibility, financial obligation or liability whatsoever with respect to the notifications to the Class required hereunder, the processing of opt out letters, distributions to Settlement Class Members, payments to Class Counsel, Incentive Awards to the Class Representatives, investment of QSF funds, payment of federal, state, and local income, employment, unemployment, excise, and any other taxes, penalties, interest or other charges related to taxes imposed on the QSF or its disbursements, payment of the administrative,

legal, accounting, or other costs occasioned by the use or administration of the QSF, since it is agreed that such deposits shall fully discharge Wells Fargo's obligation to the Class Representatives, Settlement Class Members, Class Counsel and expenses of administration with respect to the disposition of the Settlement Fund.

   4.5  The Settlement Administrator shall file or cause to be filed, on behalf of the QSF, all required federal, state, and local tax returns, information returns, including, but not limited to, any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(l) and Treasury Regulation § l.468B-2(1)(2). Any contract, agreement or understanding with the Settlement Administrator relating to the QSF shall require the Settlement Administrator or its agent to file or cause to be filed, on behalf of the QSF, all required federal, state, and local tax returns, information returns, including, but not limited to, any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(1) and Treasury Regulation § l.468B-2(1)(2). The Settlement Administrator may, if necessary, secure the advice of a certified public accounting firm in connection with its duties and tax issues arising hereunder.

**5.  <u>Payments from the Settlement Fund.</u>**

   5.1  <u>Payment to Settlement Class Members.</u>  Within the latter of forty (40) days after the Effective Date or forty (40) days after the Court's order awarding Incentive Award and Attorneys' Fees and Expenses, the Settlement Administrator shall remit payments by check to each Settlement Class Member from the Settlement Fund in accordance with this section.

   5.2  To determine the amount of each Settlement Class Member's distribution, the Settlement Administrator, using the Notice List, will make the following calculations:

5.2.1   Net Settlement Fund.  To calculate the Net Settlement Fund, the Settlement Administrator will deduct the costs of settlement administration, Incentive Awards, and Attorneys' Fees and Expenses from the Settlement Fund.  The Net Settlement Fund shall be allocated to Settlement Class Members as follows:

    i.    First, the Settlement Administrator will sum the total amount of Post-Payment Interest Wells Fargo collected from all Settlement Class Members;

    ii.    Second, the Settlement Administrator will divide each Settlement Class Member's individual Post-Payment Interest by the total amount of Post-Payment Interest Wells Fargo collected from all Settlement Class Members as calculated in (i) immediately above; and

    iii.    Third, the Settlement Administrator will multiply the percentage calculated in (ii) immediately above by the Net Settlement Fund for Settlement Class Members (as calculated in paragraph 5.2.1), with the result constituting the distribution to be paid to each Settlement Class Member.

5.3   Co-borrowers.  If, according to Wells Fargo's records, there are co-borrowers on the account for which Post-Payment Interest was paid, the settlement check shall be made jointly payable to both named borrowers.

5.4   Deceased Settlement Class Members.  Any distribution paid to a deceased Settlement Class Member shall be made payable to the estate of the deceased Settlement Class Member, provided that the Settlement Class Member's estate informs the Settlement Administrator ten (10) calendar days prior to the date that settlement checks are mailed of the

- 20 -

Settlement Class Member's death and provides a death certificate confirming that the Settlement Class Member is deceased.

5.5    If a Settlement Class Member's settlement check is not deposited (or cashed) within ninety (90) days after the check is mailed, and cleared from the Settlement Fund within one-hundred (100) days after the check is mailed:

     i.    the settlement check will be null and void;

    ii.    the Settlement Class Member will be barred from receiving a further distribution under this Agreement; and

   iii.    the amount of such check will revert to the Net Settlement Fund.

5.6    <u>Second Distribution from Net Settlement Fund</u>.   The Net Settlement Fund remaining following the first round of payments shall be re-apportioned and distributed in the second distribution as follows within thirty (30) days of the conclusion of time set forth in paragraph 5.5:

     i.    First, the Settlement Administrator will sum the total amount of Post-Payment Interest Wells Fargo collected from all Settlement Class Members who cashed their settlement check pursuant to paragraph 5.5;

    ii.    Second, the Settlement Administrator will divide each Settlement Class Member's individual Post-Payment Interest by the total amount of Post-Payment Interest Wells Fargo collected from all Settlement Class Members who cashed their settlement check pursuant to paragraph 5.5, as calculated in (i) immediately above; and

   iii.    Third, the Settlement Administrator will multiply the percentage calculated in (ii) immediately above by the Net Settlement Fund

remaining following the first round of settlement checks, with the result constituting the second distribution to be paid to each Settlement Class Member who cashed their settlement check pursuant to paragraph 5.5.

5.7     If a Settlement Class Member's second settlement check is not deposited (or cashed) within ninety (90) days after the check is mailed, and cleared from the Settlement Fund within one-hundred (100) days after the check is mailed:

> i.     the second settlement check will be null and void;
>
> ii.    the Settlement Class Member will be barred from receiving a further distribution under this Agreement; and
>
> iii.   the amount of such check will revert to Wells Fargo, with the Settlement Administrator to calculate and distribute such reversion to Wells Fargo within thirty (30) days after the expiration of the time period set forth in paragraph 5.7.

5.8     For each payment made pursuant to this Agreement, Wells Fargo, itself or through the Settlement Administrator, may report each payment to government authorities including the Internal Revenue Service as required by law, and it shall make all required deductions and/or withholdings.  The Settlement Administrator further may issue a Form 1099 to each Settlement Class Member.  Settlement Class Members shall be solely responsible for the reporting and payment of any federal, state, and/or local income or other tax or any other withholdings, if any, on any of the payments made pursuant to this Agreement.  Wells Fargo makes no representations and it is understood and agreed that Wells Fargo has made no representations as to the taxability of any portions of the settlement payments to any Settlement Class Members, the payment of any Attorneys' Fees and Expenses, or the payment of any Incentive Awards to the Class

Representatives.  The long-form Notice will advise Class Members to seek their own tax advice prior to acting in response to the Notice, and the Class Representatives and Class Counsel agree that Class Members will have an adequate opportunity to seek tax advice prior to acting in response to the Notice.

5.9     The Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to or arising out of the determination, administration, calculation, investment, allocation, distribution, or payment of award amounts or distributions, the payment or withholding of taxes, or any losses incurred in connection therewith.  No person shall have any claim against the Releasees, Class Counsel or any other agent designated pursuant to this Agreement based upon the distributions made substantially in accordance with this Agreement or any order of Court.

**6.     Retention and Duties of Settlement Administrator.**

6.1     Class Counsel shall select the Settlement Administrator from Wells Fargo's list of approved vendors, with Wells Fargo's consent, which consent shall not be withheld unreasonably.

6.2     The Settlement Administrator shall administer the Settlement pursuant to the terms of this Agreement.  The Settlement Administrator shall be responsible for Notice (including data standardization and de-duplication of the Notice List including updating addresses through the National Change of Address system or similar database, reasonable efforts to update addresses for undeliverable Notices, and printing and mailing the Notice), drafting and submitting the CAFA notice, status reporting, creating and hosting a Settlement Website, and disbursing the Settlement Fund including payments to Settlement Class Members.  The Settlement Administrator shall have the authority to request from any Settlement Member an IRS Form W-9 if the Settlement Administrator, in its reasonable judgment, deems it necessary to do so before it issues a payment to that Settlement Member.  Wells Fargo may direct the Settlement Administrator to assist with

various additional administrative tasks in implementing the Settlement as Wells Fargo shall deem appropriate in its sole discretion.  The Settlement Administrator shall also be responsible for additional tasks the Parties jointly agree are necessary to accomplish administration of the Settlement.

6.3     The Settlement Administrator shall not have any duties with respect to settlement administration apart from those expressly provided for in this Agreement.  Wells Fargo shall not be responsible for any costs of the Settlement Administrator for additional services provided outside the scope of this Settlement Agreement.

6.4     Wells Fargo will coordinate with the Settlement Administrator to provide Notice to the Class, as provided in this Settlement Agreement.  Because the information about Class Members that will be provided to the Settlement Administrator will consist of confidential information, non-public personal information, and other information protected by privacy laws, the Settlement Administrator will execute a non-disclosure agreement and will take all reasonable steps to ensure that any information provided to it by Wells Fargo will be used solely for the purpose of effecting this Settlement and otherwise shall comply with Wells Fargo's vendor and information security requirements.   Any such information provided to the Settlement Administrator will not be provided to the Class Representatives or Class Counsel.  The Settlement Administrator shall administer the Settlement in accordance with the terms of this Settlement Agreement and, without limiting the foregoing, shall treat any and all documents, communications and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications, or other information to any person or entity except as provided for in this Settlement Agreement or by court order.

6.5     The Settlement Administrator shall complete and provide to Wells Fargo any W-9 forms necessary for Wells Fargo to implement this Settlement.

6.6     The Settlement Administrator shall provide to Wells Fargo confirmation in writing upon its completion of the administration of the Settlement.

7.      **Notice to the Class and Settlement Website.**

7.1     Subject to the Court's approval, the form of Notice shall be in the same or substantially the same form as Exhibit 1 and Exhibit 2 hereto.

7.2     Within fourteen (14) days of the Court's entry of the Preliminary Approval Order, Wells Fargo shall provide the Settlement Administrator with the Notice List.  The Settlement Administrator shall treat the Notice List as Confidential pursuant to the terms of the Protective Order and paragraph 6.4 of this Agreement.  Class Counsel shall not be entitled to a copy of the Notice List.

7.3     If, by entering an order approving the final form of the Notice, the Court provides authorization to send the postcard Notice in the same or substantially the same form as Exhibit 1 hereto to the individuals on the Notice List, the Settlement Administrator will mail the postcard Notice to the individuals on the Notice List no later than forty-five (45) days after the date of the Court's entry of the Preliminary Approval Order.  Prior to mailing, the Settlement Administrator shall attempt to update the last known addresses of the Class Members set forth on the Notice List through the National Change of Address system or a similar database.  The Agreement and long-form Notice in the same or substantially the same form as Exhibit 2 hereto shall also be posted on the Settlement Website, as outlined in this section.

7.4     Following the mailing of the Notice, the Settlement Administrator shall provide counsel with written confirmation of the mailing.

7.5     Unless the Settlement Administrator receives a Notice returned from the United States Postal Service for reasons discussed below in this paragraph, that Notice shall be deemed mailed and received by the individual to whom it was sent five (5) days after mailing.  In the event that subsequent to the first mailing of a Notice, and prior to seven (7) days before the Opt-Out Deadline, the Notice is returned to the Settlement Administrator by the United States Postal Service with a forwarding address for the recipient, the Settlement Administrator shall re-mail the Notice to that address, and the Notice will be deemed mailed at that point.  If any Notice is returned undeliverable, the Settlement Administrator will be instructed to attempt one skip-trace and if the skip-trace establishes an alternate address, the Settlement Administrator shall re-mail the Notice to that alternative address.  The Notice shall be deemed received by the individual once it is mailed for the second time.  Nothing in this paragraph shall be construed to extend the Opt-Out Deadline for any Class Member.

7.6     No later than thirty (30) days after the Effective Date, the Settlement Administrator, upon the approval of the Court to file under seal pursuant to the Protective Order (to protect the names, addresses, and other personal information of Class Members), will cause to be filed with the Court a list of the names and addresses of all Class Members to whom the Notice was sent.

7.7     No later than the mailing of the postcard Notice, the Settlement Administrator shall establish the Settlement Website, which shall contain copies of this Agreement and Exhibits including the longform Notice to be downloaded or printed from the Website.  The Settlement Administrator shall also post to the Settlement Website the entered Preliminary Approval Order, applications for Incentive Awards and Attorneys' Fees and Expenses, entered Final Approval Order, and any order approving Incentive Awards and Attorneys' Fees and Expenses.  The Settlement Website shall remain open and accessible through the Effective Date, and for at least

one hundred (100) days after the mailing of the second round of settlement checks as set forth in paragraph 5.7.

8.     **Covenants Not to Sue.**

8.1     The Class Representative, on behalf of themselves and the Settlement Class Members, covenant and agree: (i) not to file, commence, prosecute, intervene in, or participate in (as class members or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims, or the facts and circumstances relating thereto, against any of the Released Parties; (ii) not to organize or solicit the participation of Settlement Class Members, or persons who would otherwise fall within the definition of the Settlement Class but who requested to be excluded from the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances relating thereto, against any of the Released Parties; and (iii) that the foregoing covenants and this Agreement shall be a complete defense to any of the Released Claims against any of the Releasees.

9.     **Representations and Warranties.**

9.1     Wells Fargo represents and warrants that, to the best of its knowledge, the Notice List is complete and accurate based on its available business records.

9.2     The Class Representatives represent and warrant that they have not assigned or otherwise transferred any interest in any of the Released Claims against any of the Released Parties, and further covenant that they will not assign or otherwise transfer any interest in any of the Class Representatives' Released Claims.

9.3     The Class Representatives represent and warrant that they have no surviving claim or cause of action against any of the Released Parties with respect to any of the Released Claims.

9.4     The Parties, and each of them on his, her, or its own behalf only, represent and warrant that they are voluntarily entering into the Settlement Agreement as a result of arm's-length negotiations among their counsel, that in executing the Settlement Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing the Settlement Agreement by representations, statements or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party to the Settlement Agreement.  Each of the Parties assumes the risk of mistake as to facts or law.

## 10.    **Releases.**

10.1    On the Effective Date, Releasors, including but not limited to the Class Representatives, on their own behalf and on behalf of each Settlement Class Member, by operation of this Release and the Judgment set forth in the Final Approval Order, does hereby and shall be deemed to have fully, finally, conclusively, irrevocably, and forever released, settled, compromised, relinquished, and discharged any and all of the Releasees of and from any and all Released Claims and, without further action by any person or the Court, will be deemed:  (a) to have consented to dismissal of the Action and the dismissal with prejudice of any and all Released Claims; (b) to have released and forever discharged any and all Released Claims; and (c) to be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to any state, federal, or foreign court, or regulatory agency, or any

arbitration forum, each and every Released Claim.  The Parties agree that the Releasees will suffer irreparable harm if any Settlement Class Member takes action inconsistent with this paragraph, and that in that event, the Releasees may seek an injunction as to such action without further showing of irreparable harm in this or any other forum.

10.2    The Releasors acknowledge and agree that they are aware that they may hereafter discover material or immaterial facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of this Release, that it is possible that unknown facts, losses or claims exist, and that known losses may have been underestimated in amount or severity.  This was explicitly taken into account in connection with this Agreement.  It is the Releasors' intention to, and they do hereby, upon the Effective Date of this Agreement, fully, finally, and forever settle and release each and every one of the Releasees from each and every Released Claim.

10.3    Subject to Court approval, each Settlement Class Member shall be bound by this Agreement and all of their Released Claims shall be dismissed with prejudice and released even if they never received actual, prior notice of the Action or its Settlement in the form of the Notice or otherwise.  The Release and agreements contained in this section 10 shall apply to and bind all Settlement Class Members, including those Settlement Class Members whose postcard Notices are returned as undeliverable, and those for whom no current address can be found, if any.

10.4    On the Effective Date, Releasors hereby release the Releasees from each and every Released Claim.

10.5    Promptly after the Effective Date, Settlement Class Members shall dismiss with prejudice all claims, actions or proceedings that are released pursuant to this Agreement.  In the event any such actions or proceedings are not dismissed and Wells Fargo learns of the action,

- 29 -

Wells Fargo may provide notice to the Settlement Class Member of this Settlement and request dismissal of the action.

**11.**     **Opt Out Rights.**

11.1     A Settlement Class Member who wishes to be excluded from the Settlement Class must do so in writing. In order to opt out, the Class Member must complete and send to the Settlement Administrator, at the address listed in the Notice and on the Settlement Website, a Request to Opt Out that is postmarked no later than the Opt-Out Deadline, as specified in the Notice. The Request to Opt Out must: (a) identify the case name; (b) identify the name and address of the person requesting exclusion; (c) be personally signed by the person requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Settlement Class, such as "I hereby request that I be excluded from the proposed Settlement Class in the Action." Mass or class opt outs shall be void.

11.2     Any Settlement Class Member who does not opt out of the Settlement in the manner described herein shall be deemed to be part of the Settlement Class upon the expiration of the Opt-Out Deadline, and shall be bound by all subsequent proceedings, orders, and judgments.

11.3     Any Settlement Class Member who desires to opt out must take timely affirmative written action pursuant to this section, even if the person desiring to opt out of the Class (a) files or has filed a separate action against any of the Released Parties, or (b) is, or becomes, a putative or actual class member in any other class action filed against any of the Released Parties.

11.4     Any Settlement Class Member who properly opts out of the Settlement Class shall not: (a) be bound by any orders or judgments relating to the Settlement; (b) be entitled to relief under, or be affected by, the Agreement; (c) gain any rights by virtue of the Agreement; or (d) be entitled to object to any aspect of the Settlement.

11.5     The Settlement Administrator shall provide Class Counsel and Defense Counsel with a list of all timely Requests to Opt Out within seven (7) business days after the Opt-Out Deadline.

11.6     Notwithstanding the foregoing, a Class Member shall have the right to revoke a properly and timely submitted request for exclusion if a notice of the Class Member's election to revoke his or her exclusion is sent to the Settlement Administrator, postmarked on or before the Opt-Out Deadline.

**12.     Objections.**

12.1     Overview.  Any Settlement Class Member may object to the Settlement.  To object, the Settlement Class Member must comply with the procedures and deadlines in this Agreement.

12.2     Process.  Any Settlement Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Notice and Preliminary Approval Order.  The written objection must be filed with the Clerk of Court, and mailed (with the requisite postmark) to Class Counsel and Defense Counsel (at the addresses identified in section 19), no later than the Objection Deadline.

12.3     Form of Objection.  The requirements to assert a valid written objection shall be set forth in the Notice and on the Settlement Website, and, to be valid, the written objection must include: (a) the case name and number; (b) the name, address, telephone number of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel; (c) the specific legal and factual bases for objection; (d) each instance that the Settlement Class Member or his/her counsel has objected to a class settlement in the last five years; and (e) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel.

12.4 <u>Waiver of Objection</u>.  Any Settlement Class Member who fails to object to the Settlement in the manner described in the Notice and consistent with this section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

12.5 <u>Appearance</u>.  Subject to approval of the Court, any Class Member who files and serves a written objection in accordance with this section and the Notice may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on all counsel designated in the Notice by the Objection Deadline.  The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.  Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Notice shall not be entitled to appear at the Final Approval Hearing and raise any objections.

**13.**   **<u>Termination.</u>**

13.1   In the event that the Settlement set forth in this Agreement is not approved without changes by the Court or, if one of the conditions upon which the Agreement is based is not satisfied, or if the Court determines that it lacks jurisdiction to approve the Settlement, or if there is a court order from another court that takes jurisdiction over some or all of the Claims, or if there is a regulator determination that frustrates the purpose of and protection of the Settlement, or in

the event that the Effective Date does not occur, no further payments shall be made by Wells Fargo to anyone in accordance with the terms of this Agreement, the Parties will bear their own costs and fees with regard to the efforts to obtain Court approval, the Conditionally Amended Complaint filed pursuant to the Joint Stipulation accompanying the Motion for Preliminary Approval of Settlement will be deemed withdrawn and the prior Complaint shall again become the operative Complaint, and this Agreement shall be deemed null and void with no effect on the Action whatsoever.  Reductions in the amount of the requested Attorneys' Fees and Expenses shall not be deemed a substantial change necessitating termination of the Settlement.

13.2    Failure of the Court to enter the Preliminary Approval or Final Approval Order in its entirety or in a similar form without material changes thereto as determined by Wells Fargo, Class Counsel or the Class Representatives will be grounds for Wells Fargo, Class Counsel or the Class Representatives to terminate the Settlement and the terms of this Agreement.  If any material portion of the Agreement or the Final Approval Order is vacated, modified, or otherwise altered on appeal, Wells Fargo, Class Counsel or the Class Representatives may, in their sole discretion, within fourteen (14) calendar days of such appellate ruling, declare that the Agreement has failed to become effective, and in such circumstances the Agreement shall cease to be of any force and effect.

13.3    In the event that 2% or more Class Members exclude themselves from the Settlement Class, Wells Fargo shall have the absolute discretionary right (but not the obligation) to terminate this Settlement and Agreement and in such case, each and every one of Wells Fargo's obligations under this Agreement shall cease to be of any force and effect, and this Agreement and any orders entered into in connection therewith shall be vacated, rescinded, cancelled, and annulled (except for any provision included in the Preliminary Approval Order in the same or substantially

the same form as paragraph 21 of the Preliminary Approval Order attached as Exhibit 3 hereto). If Wells Fargo exercises this option, the Parties shall return to the status quo in the Action as if the Parties had not entered into this Agreement.  In addition, in such event, the Agreement and all negotiations, court orders, and proceedings relating thereto shall be without prejudice to the rights of the Parties, and each of them, and evidence relating to the Agreement and all negotiations shall not be admissible or discoverable in the Action or in any other proceeding.  Wells Fargo must exercise this option pursuant to this paragraph at least fifteen (15) days prior to the Final Approval Hearing, by giving written notice of such exercise to Class Counsel.

13.4    If one of the Parties exercises a right herein to terminate or rescind this Agreement or this Agreement is not approved by the Court pursuant to the proposed Final Approval Order, this Agreement, the conditional Class certification provided herein, the Settlement proposed herein (including any modifications made with the consent of the Parties), and any action taken or to be taken in connection therewith shall be terminated and shall become null and void and have no further force or effect, the Preliminary Approval Order shall be vacated (except for any provision included in the Preliminary Approval Order in the same or substantially the same form as paragraph 21 of the Preliminary Approval Order attached as Exhibit 3 hereto); the Conditionally Amended Complaint filed pursuant to the Joint Stipulation accompanying the Motion for Preliminary Approval of Settlement will be deemed withdrawn and the prior Complaint shall again become the operative Complaint; the Parties shall be restored to their respective positions existing prior to the execution of this Agreement without prejudice; and the Parties' rights and obligations with respect to the use of this Agreement and the Settlement contemplated hereby will be subject to section 14 hereof.  In addition, neither this Agreement, the preliminary certification of the Class, the Preliminary Approval Order, nor any other document in any way relating to any of the

foregoing, shall be relied on, referred to, or used by anyone in any way for any purpose in connection with any further proceedings in this Action and/or any action, lawsuit, arbitration, or proceeding involving a Released Claim.

**14.** **Certification of Settlement Class For Settlement Purposes.**

14.1    After the Preliminary Approval Order and no later than fourteen (14) days before the Final Approval Hearing, the Class Representatives shall move for Final Approval of the Settlement and entry of Final Judgment and shall request that the preliminary certification of the Settlement Class for settlement purposes be made final.

14.2    If the Settlement is not granted final approval and the Final Approval Order is not entered in the same or substantially the same form as Exhibit 4 hereto, the certification of the above-described Settlement Class shall be automatically vacated and shall not constitute evidence or a binding determination that the requirements for certification of a class for any other purposes in this or any other action can be or have been satisfied.  In such circumstances, Wells Fargo reserves and shall have all rights to challenge certification of a Settlement Class or any other class for any other purpose in the Action or any other action on all available grounds as if no Settlement Class had been certified.

**15.** **Attorneys' Fees, Litigation Costs and Incentive Awards.**

15.1    Any application for Attorneys' Fees shall not exceed 25% of the Settlement Fund. Any application for reimbursement of Expenses shall not exceed $70,000.00.  The Notice shall specify that Class Counsel expects to make an application for an award of Attorneys' Fees of up to 25% of the Settlement Fund and reimbursement of up to $70,000.00 in Expenses

15.2    Class Counsel may apply to and ask the Court for an award of Attorneys' Fees in an amount not to exceed 25% of the Settlement Fund, though Wells Fargo reserves the right to

oppose any such request.  Class Counsel may also seek reimbursement of up to $70,000 in out-of-pocket Expenses related to the prosecution of the Action, which Wells Fargo agrees not to oppose. Class Counsel agree that the amounts of such Attorneys' Fees and Expenses awarded shall compensate them for all legal work in the Action up to and including the date of Final Judgment, including any appeal of the Judgment, as well as for all legal work and costs that may be incurred in the Action or the Accounting after the date of Final Judgment.  The Attorneys' Fees and Expenses shall be paid from the Settlement Fund.  In the event the Court awards Class Counsel less than 25% of the Settlement Fund in Attorneys' Fees or less than $70,000 in Expenses, this Settlement Agreement shall nonetheless remain in full force and effect and the other benefits or payments due or to become due shall not be increased or changed.

15.3    <u>Incentive Awards to Class Representatives</u>.  Class Counsel shall be entitled, subject to Court approval, to apply to the Court for an incentive award to the Class Representatives in an amount not to exceed $7,500.00 for Ms. Fowler and $5,000.00 for Mr. Peters in recognition of the time and effort they expended in their role as a class representatives (the "Incentive Award"). Class Counsel may make this application along with any supporting material along with the motion for Final Approval of the Settlement pursuant to paragraph 14.1.  Wells Fargo will not oppose Class Counsel's request for the Incentive Awards provided it is consistent with this Agreement.

15.4    The procedure for and the grant or denial or disallowance by the Court of the applications for Attorneys' Fees and Expenses and Incentive Award are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceedings relating to the applications for Attorneys' Fees and Expenses or the Incentive Awards or any appeal from any order relating thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement, or affect or delay the

Finality of Judgment approving the Agreement and the Settlement, except as provided for in section 13.

15.5    Within forty (40) days after the Effective Date or entry of the order approving the application for attorneys' fees (whichever is later), the Settlement Administrator shall make payment of the Attorneys' Fees and Expenses awarded by the Court to Class Counsel, pursuant to payment instructions in writing from Class Counsel.   In accepting this payment, the Class Representatives and Class Counsel, on behalf of themselves and all Settlement Class Members, acknowledge that the payment and method of payment under this Agreement are in full satisfaction of any and all claims, rights, and demands that Class Counsel, the Class Representatives, or the Settlement Class had, have, or may claim to have in the future for attorneys' fees, costs, expenses, or any other payment in connection with this Action or this Agreement, up to the date of Final Judgment.   Wells Fargo shall have no responsibility for allocation or distribution of the award among Class Counsel.

15.6    Within forty (40) days after the Effective Date or entry of an order approving the application for the Incentive Award to the Class Representatives (whichever is later), and upon the Class Representatives' submission of a Form W-9 to the Settlement Administrator, the Settlement Administrator shall make payment pursuant to payment instructions in writing from Class Counsel. Class Counsel shall be responsible for delivering payment on the Incentive Awards to the Class Representatives after receipt of payment from the Settlement Administrator.   A Form 1099 for the payment of any Incentive Award will be filed.

15.7    A Form 1099 for the payment of Attorneys' Fees and Expenses will be filed.   Class Counsel shall cooperate with the Settlement Administrator to provide all information necessary to process the payment including completing any requested tax forms (*e.g.*, IRS Form W-9 and

applicable tax identification numbers).  The Settlement Administrator and Wells Fargo shall have no responsibility for, and no liability whatsoever with respect to any tax obligations or any allocation among the Class Representatives and Class Counsel, and/or any other person who may assert some claim thereto, of any award, payment or credit issued or made in this Action or pursuant to this Agreement, including but not limited to any award or payment pursuant to this section 15.  Class Counsel and the Class Representatives shall alone be responsible for the reporting and payment of any federal, state, and/or local income or other form of tax on any payment made pursuant to this section 15.  No Party shall be deemed the prevailing party for any other purposes of the Action.

**16.    Stay of Discovery and Other Proceedings.**

16.1    To the extent the Action has not already been stayed by the Court, upon execution of this Agreement, the Parties shall discontinue all discovery activity or related proceedings in the Action.

**17.    Return/Destruction of Discovery Materials.**

17.1    The Parties agree that the terms of the Protective Order govern the dealings of the Parties with respect to materials produced in discovery in this Action and shall continue in force after the Effective Date of the Settlement.  Accordingly, within sixty (60) days of the Effective Date, the Parties and their counsel of record, and any consultants or experts retained by the Parties or their counsel of record, shall use their best efforts to locate all Confidential and Attorney's Eyes Only Discovery Material (as the terms are defined in the Protective Order) produced in the Action and return such Confidential and Attorney's Eyes Only Discovery Material to counsel of record for the producing party or destroy all originals or reproductions (whether in electronic, hard copy, or other form) of the Confidential and Attorney's Eyes Only Discovery Material subject to the

exceptions contained in paragraph 13 of the Protective Order.  The Parties acknowledge that their duty to return or destroy all Confidential and Attorney's Eyes Only Discovery Material is a continuing duty and the Parties agree to return or destroy any such material found in the future.

17.2    Notwithstanding this section, the Parties shall be excused from any duty to return or destroy Confidential and Attorney's Eyes Only Discovery Material to the extent necessary to comply with outstanding court orders or with judicial and non-judicial subpoenas, civil investigative demands or other compulsory process.

17.3    The Court shall retain jurisdiction to ensure compliance with the Protective Order.

**18.    Media and Confidentiality.**

18.1    The Parties, including their Counsel, agree that the terms of this Settlement shall remain confidential and not be disclosed by any Party until the Settlement Agreement is filed in connection with the Class Representatives' Motion for Preliminary Approval.

18.2    The Parties, including their counsel, agree that they shall not at any time publish or issue a press release including but not limited to the media or on the Internet concerning the Settlement.  The Parties further agree that they shall not make any statement, with or without attribution, in response to any media inquiries concerning the Action, Wells Fargo, or the Settlement.  In response to any such inquiries, the Parties shall refer the inquiring media to the papers filed in the court docket.

18.3    To the extent that Class Counsel settles other actions raising the same or similar claims against other banks or servicers, Class Counsel shall not reference this Settlement or Wells Fargo in any public comments, including to the media in connection with such other actions or otherwise.

**19.**     **Notices.**

19.1     All notices (other than the Notice to Class Members) required by the Agreement

shall be made in writing and communicated by mail and email to the following addresses:

All notices to Class Counsel shall be sent to Class Counsel c/o:

Adam L. Hoipkemier
Kevin Epps
Epps Holloway DeLoach & Hoipkemier LLP
6 Concourse Parkway, Suite 2920
Atlanta, GA 30328
Telephone: (706) 508-4000
adam@ehdlaw.com

Michael F. Ram
Susan S. Brown
Robins Kaplan LLP
2440 W. El Camino Real, Suite 100
Mountainview, CA 94040
Telephone:  (650) 784-4040
mram@robinskaplan.com

All notices to Wells Fargo or Defense Counsel shall be sent to Defense Counsel c/o:

K. Issac deVyver
Karla Johnson
McGuireWoods LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Telephone: (412) 667-6000
kdevyver@mcguirewoods.com

Sara F. Holladay-Tobias
50 North Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone:  (904) 798-3200
stobias@mcguirewoods.com

**20.**     **Miscellaneous Provisions.**

20.1     Cooperation.  The Parties:  (a) acknowledge that it is their intent to consummate

this Agreement; and  (b) agree to cooperate to the extent reasonably necessary to effect and

implement all terms and conditions of the Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Agreement.

20.2 <u>No Admission</u>. The Agreement compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Parties as to the merits of any claim or defense. The Parties agree that the amounts paid in settlement and the other terms of the Agreement were negotiated in good faith by the Parties and at arm's length with the assistance of a mediator and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. Neither the Agreement nor the Settlement, nor any act performed or document executed pursuant to, or in furtherance of, the Agreement or the Settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Releasees, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Releasees, or any of them, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Class Representatives and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that Wells Fargo could not contest (or is estopped from contesting) class certification and/or proceeding collectively on any grounds if this Action were to proceed; this Agreement shall not be deemed an admission by, or ground for estoppel against, Wells Fargo that class certification and/or proceeding collectively in the Action is proper or cannot be contested on any grounds.

20.3 <u>Exhibits</u>. All of the exhibits to the Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

20.4 <u>Amendment/Modification</u>. The Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.  Class Counsel, on behalf of the Class, are expressly authorized by the Class Representatives to take all appropriate action required or permitted to be taken by the Class pursuant to the Agreement to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Agreement on behalf of the Class which they deem appropriate.

   20.5 <u>Entire Agreement</u>.  The Agreement and the related documents entered at this time of this Agreement or referenced herein constitute the entire agreement among the Parties hereto concerning the Settlement of the Action.  No representations, warranties, or inducements have been made to any Party concerning the Agreement or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each Party shall bear its own costs and attorney fees.

   20.6 <u>Authority</u>.  Each person executing the Agreement or any of its exhibits on behalf of any Party hereto hereby warrants that such person has the full authority to do so.

   20.7 <u>Counterparts</u>.  The Agreement may be executed in one or more counterparts, including by signature transmitted by facsimile or by email in PDF format.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

   20.8 <u>Successors and Assigns</u>.  The Agreement shall be binding upon, and inures to the benefit of, the heirs, executors, successors, and assigns of the Parties hereto; but this Agreement is not designed to and does not create any third-party beneficiaries.

   20.9 <u>No Third-Party Rights or Beneficiaries</u>.  Except as expressly provided for herein, no government agency or official can claim any rights under this Agreement or Settlement,

whether with respect to the conduct that is the subject of the Releases, or the funds (or remainder of funds) paid or used in the Settlement.  There are no third party beneficiaries created or implied.

20.10    Jurisdiction.  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Agreement until such time that the Court enters an order dismissing the Action with prejudice.

20.11    Governing Law.  The Agreement and the exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to have been wholly performed, in the State of California, and the rights and obligations of the Parties to the Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to its choice of law principles.

20.12    Drafting.  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either Party.  No Party shall be deemed the drafter of this Agreement.  The Parties acknowledge that the terms of the Agreement are contractual and are the product of negotiations between the Parties and their counsel.  Each Party and their counsel cooperated in the drafting and preparation of the Agreement.  In any construction to be made of the Agreement, the Agreement shall not be construed against any Party and the canon of contract interpretation to the contrary shall not be applied.

20.13    Recitals.  The recitals set forth above shall be and hereby are terms of this Agreement as if set forth herein.  The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

20.14   <u>No Collateral Attack</u>.  The Settlement Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of notices of the Settlement after the Final Judgment is entered.

20.15   <u>Dispute Resolution.</u>  In the event a Party, a Class Member, or any individual claiming to be a Class Member raises a dispute as to an individual's membership in the Class or the calculation of the Class Member's distribution, the Parties shall meet and confer as to how to resolve the dispute.  If the Parties are unable to resolve the dispute, it will be resolved by the Settlement Administrator.  The Settlement Administrator's decisions on such disputes shall be final, binding, and non-appealable.

*Remainder of Page Left Blank*

Dated: _June 12_, 2018

CLASS REPRESENTATIVE
VANA FOWLER

By: _Vana Fowler_
VANA FOWLER

Dated: _____, 2018

CLASS REPRESENTATIVE
MICHAEL PETERS

By: _____
MICHAEL PETERS

Dated: _____, 2018

WELLS FARGO BANK, N.A.

By:

Name: _____

Title: _____

Dated: _____, 2018          CLASS REPRESENTATIVE
                                         VANA FOWLER

                                         By: _____
                                         VANA FOWLER


Dated: _6 ~ 15 ~_, 2018                  CLASS REPRESENTATIVE
                                         MICHAEL PETERS

                                         By: _____
                                         MICHAEL PETERS


Dated: _____, 2018          WELLS FARGO BANK, N.A.

                                         By:
                                         _____
                                         Name:
                                         _____
                                         Title:
                                         _____

Dated: _____, 2018                    CLASS REPRESENTATIVE
                                                 VANA FOWLER

                                                 By: _____
                                                 VANA FOWLER


Dated: _____, 2018                    CLASS REPRESENTATIVE
                                                 MICHAEL PETERS

                                                 By: _____
                                                 MICHAEL PETERS


Dated: _June 27_, 2018                           WELLS FARGO BANK, N.A.

                                                 By: _____
                                                 Name: _Michael DeVito_
                                                 Title: _EVP- Head of Home Lending_


- 45 -

# EXHIBIT 1

*Fowler, et al v. Wells Fargo Bank, N.A.*                                            POSTAGE
Settlement Administrator
[Address]

# __Important Notice About__
# __Mortgage Pre-Payment Settlement__

Address Block

## **If You Prepaid an FHA-Insured Loan With Wells Fargo on a Day Other Than the First of the Month, You May Be Eligible For a Payment from a Class Action Settlement.**

***THIS NOTICE MAY AFFECT YOUR  LEGAL RIGHTS.
PLEASE READ IT CAREFULLY.***

**This is an official court notice from the United States
District Court for the Northern District of California,
*Fowler, et al. v. Wells Fargo Bank, N.A.,*
Case No. 3:17-cv-02092-HSG**

A Settlement has been reached in a class action lawsuit about the collection of interest by Wells Fargo Bank, N.A. ("Wells Fargo") on FHA-insured loans paid off early for which Wells Fargo served as mortgagee or servicer.  The lawsuit, *Fowler, et al. v. Wells Fargo Bank, N.A.*, is pending in the United States District Court for the Northern District of California.  This lawsuit alleges that Wells Fargo breached the promissory notes underlying the class member's FHA-insured home loans when it collected post-payment interest (i.e., interest for the remainder of the month during which the loan was paid off) without providing a certain type of disclosure to borrowers.  To settle the case and avoid the costs and risks of litigation, the parties have agreed to a settlement.

## Please go to [webaddress].com to obtain more information about the Settlement and to see the Settlement Agreement.

**Why am I being contacted?**  Wells Fargo's records show that you are likely a member of the Settlement Class.  With some limited exceptions, described below, the Class includes all persons nationwide who had an FHA-Insured Loan that was originated beginning June 1, 1996 and ending January 20, 2015, where (i) Wells Fargo, its agent, or its predecessor was the mortgagee as of the date the total amount due on the FHA-Insured Loan was brought to zero, (ii) Wells Fargo collected Post-Payment Interest on the FHA-insured loan during the applicable Limitations Period, and (iii) the borrower made a prepayment inquiry, request for payoff figures, or tender of prepayment but did not receive a Payoff Statement containing certain language.

**What are the Settlement terms?**  Wells Fargo has agreed to deposit $30,000,000 into an escrow fund for payment of settlement expenses, attorneys' fees and costs, awards to class representatives, and distribution to Class Members by Garden City Group, the Settlement Administrator.

**How much will my Settlement payment be?**  If you do not exclude yourself from the Settlement (*see* **Your Rights May Be Affected**, below), you will *automatically* receive a check from the Settlement Administrator.  To determine the amount of each Settlement Class Member's distribution, the Settlement Administrator will calculate the "Net Settlement Fund" by deducting the costs of settlement administration, attorneys' fees, class representative awards, and expenses authorized by the Court, from the Settlement Fund.  For each Settlement Class Member, the Settlement Administrator will divide the amount of Post-Payment Interest Wells Fargo collected from that Settlement Class Member by the total amount of Post-Payment Interest that Wells Fargo collected from all Settlement Class Members, to arrive at a pro rata percentage.  For each Settlement Class Member, the Settlement Administrator will multiply the pro rata percentage by the Net Settlement Fund, with the calculation constituting the distribution for that Settlement Class Member.  The Net Settlement Fund remaining following the first round of payments will be re-apportioned and distributed to Settlement Class Members who cashed their first check, again on a pro rata basis.

***This Notice is only a summary of your legal rights and choices.  For more complete information, please read the full Notice, which you can obtain by visiting www.---.com.***

**Your Rights May Be Affected.**  If you do not take action to exclude yourself from the Settlement, you will be bound by the terms of the Settlement Agreement, including its Releases.  If you do not want to be legally bound by the Settlement, you must ask (in writing) to be excluded from the Settlement class by [date].  If you stay in the Settlement Class, you may object to the settlement (in writing) by [date].  The United States District Court for the Northern District of California will schedule a hearing to consider whether to approve the Settlement and a request for attorneys' fees, costs, and expenses, plus a special payment to the Class Representatives.  You can appear at the hearing, but you do not have to.  You can hire your own attorney, at your own expense, to appear or speak for you at the hearing.  Visit [webaddress].com to learn more about how to exclude yourself from or object to the Settlement.

**When will the hearing be held to determine approval of the Settlement, and where?**  The United States District Court for the Northern District of California will schedule the final fairness hearing to take place at the United States Courthouse at 1301 Clay Street, Oakland, California 94612, to decide whether to approve: (1) the Settlement, (2) Class Counsel's request for attorneys' fees and expenses, and a service payment to the Class Representatives.  Once the date and time are determined, it will be available on the settlement website.

**Who are the lawyers for the Class?**  The Court has appointed the law firms of Epps Holloway DeLoach & Hoipkemier LLP and Robins Kaplan LLP as Class Counsel.

EXHIBIT 2

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

*A Federal Court authorized this notice.  This is not a solicitation from a lawyer.*

### *Fowler, et al. v. Wells Fargo Bank, N.A.,*
### Case No. 3:17-cv-02092-HSG
### United States District Court for the Northern District of California

**If you prepaid an FHA-insured loan with Wells Fargo on a day other than the first of the month, the loan was originated beginning June 1, 1996 and ending January 20, 2015, and you paid off the loan during the applicable Limitations Period, then the proposed settlement of a class action lawsuit may affect your rights.**

- This Notice explains what the class action is about, what the Settlement will be if it is approved by the United States District Court for the Northern District of California (the "Court"), what benefits you may receive under the Settlement, and what to do if you want to (i) object to the Settlement; or (ii) not participate in the Settlement and instead "opt out" of the class action.  These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court still has to decide whether to approve the settlement.  The relief provided to Settlement Class Members will be provided if the Court approves the settlement and after appeals, if any, are resolved in favor of the settlement.  Please be patient.

- **Your legal rights may be affected whether you act or do not act.  Read this notice carefully because it explains decisions you must make and actions you must take <u>now</u>.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | You will receive the benefits conferred by the Settlement and will be bound by any orders or judgment relating to the Settlement approved by the Court. |
| **EXCLUDE YOURSELF** | You will be entitled to no benefits under the Settlement.  This is the only choice that will allow you to sue Wells Fargo on your own about the claims discussed in this notice.  An exclusion request must be in writing and **postmarked** on or before **[DATE]**. |
| **OBJECT TO THE SETTLEMENT** | You can write to the Court about why you do not agree with any aspect of the settlement.  An objection must be in writing, **filed**, and **postmarked** on or before **[DATE]**. |
| **GO TO A HEARING** | You can ask to speak to the Court about the "fairness" of the settlement, after you submit your objection.  A Notice of Intention to Appear must be in writing, **filed**, and **postmarked** on or before **[DATE]** <u>in addition to</u> submitting a timely objection. |

| WHAT THIS NOTICE CONTAINS |
|---|

PART I:  WHY YOU HAVE RECEIVED THIS NOTICE........................................................3
   **1.**  WHY DID I RECEIVE THIS NOTICE?.................................................................3
   **2.**  WHAT IS THIS LAWSUIT ABOUT?....................................................................3
   **3.**  WHY DID THIS LAWSUIT SETTLE?..................................................................3
   **4.**  WHY IS THIS A "CLASS ACTION"?...................................................................4

PART II:  DESCRIPTION OF THE CLASS..........................................................................4
   **5.**  AM I A MEMBER OF THE CLASS?....................................................................4
   **6.**  ARE THERE EXCEPTIONS TO BEING INCLUDED?....................................4
   **7.**  I'M STILL NOT SURE IF I'M INCLUDED. .........................................................4

PART III:  DECISIONS YOU MUST MAKE NOW.................................................................4
   **8.**  WHAT DO I NEED TO DO NOW?.....................................................................4
   **9.**  WHAT IF I DO NOTHING? .................................................................................5

PART IV:  SETTLEMENT BENEFITS – WHAT YOU GET ...............................................5
   **10.**  WHAT DOES THE SETTLEMENT PROVIDE?..................................................5

PART V:  THE LAWYERS REPRESENTING THE SETTLEMENT CLASS ...............................7
   **11.**  DO I HAVE A LAWYER IN THIS CASE? ........................................................7
   **12.**  HOW WILL THE LAWYERS AND CLASS REPRESENTATIVES IN THESE
         ACTIONS BE PAID? ............................................................................................7

PART VI:  EXCLUDING YOURSELF FROM THE SETTLEMENT ...........................................8
   **13.**  HOW DO I GET OUT OF OR EXCLUDE MYSELF FROM THE
         SETTLEMENT? ....................................................................................................8
   **14.**  WHAT HAPPENS IF I EXCLUDE MYSELF FROM THE CLASS? ...............................8
   **15.**  WHAT DO I GIVE UP IF I CHOOSE TO STAY IN THE SETTLEMENT
         CLASS? .................................................................................................................8
   **16.**  CAN I FILE A LATER LAWSUIT MAKING SIMILAR CLAIMS?...............................9

PART VII:  OBJECTING TO THE SETTLEMENT .................................................................9
   **17.**  HOW CAN I OBJECT TO THE PROPOSED SETTLEMENT?........................................9
   **18.**  WHAT IS THE DIFFERENCE BETWEEN "OBJECTING" AND
         "EXCLUDING"? .................................................................................................10

PART VIII:  THE COURT'S FINAL APPROVAL HEARING ...................................................10
   **19.**  WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE
         THE SETTLEMENT? ..........................................................................................10
   **20.**  DO I HAVE TO COME TO THE HEARING?....................................................11
   **21.**  MAY I SPEAK AT THE FINAL APPROVAL HEARING?...........................................11
   **22.**  WHAT DO I HAVE TO DO TO SPEAK AT THE FINAL APPROVAL
         HEARING?...........................................................................................................11

PART IX:  GETTING ADDITIONAL INFORMATION ...........................................................11
   **23.**  HOW DO I GET MORE INFORMATION?........................................................11

## PART I:  WHY YOU HAVE RECEIVED THIS NOTICE

### 1.   WHY DID I RECEIVE THIS NOTICE?

A Federal Court authorized this notice because you have a right to know about the proposed settlement of a class action lawsuit known as *Fowler v. Wells Fargo Bank, N.A.,* No. 3:17-cv-02092-HSG (the "Action"), and about all of your options, before the Court decides whether to approve the settlement.  This notice explains the lawsuit, the Settlement, and your legal rights.

The Court in charge of this case is the United States District Court for the Northern District of California.  The people who sued are called the "Plaintiffs," and Wells Fargo Bank, N.A. ("Wells Fargo") is the "Defendant."

The essential terms of the settlement are summarized below.  The Settlement Agreement sets forth in greater detail the rights and obligations of the parties.  If there is any conflict between this notice and the Settlement Agreement, the Settlement Agreement governs.

### 2.   WHAT IS THIS LAWSUIT ABOUT?

This lawsuit alleges that Wells Fargo breached the promissory notes underlying the class's FHA-insured home loans when it collected post-payment interest (i.e., interest for the remainder of the month during which the loan was paid off) without providing a certain type of disclosure to borrowers who made a pre-payment inquiry, request for payoff figures, or tender of prepayment.  The FHA-insured loans at issue were: (1) entered into between June 1, 1996 and January 20, 2015 (2) prepaid within the status of limitations applicable to the loans, and (3) for which Wells Fargo, its agent, or its predecessor was the mortgagee.

Wells Fargo denies any and all allegations of wrongdoing and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been or could have been alleged in this lawsuit or in any similar action.  Wells Fargo denies that it violated the law and specifically denies that it was required to provide a certain type of disclosure to borrowers prior to the collection of interest.

For more detailed information as to Plaintiffs' allegations, you may review a copy of Plaintiffs' complaint at **[link].**

### 3.   WHY DID THIS LAWSUIT SETTLE?

The Court has not decided whether Plaintiffs' claims or Wells Fargo's defenses have any merit, and it will not do so if the proposed settlement is approved.  The Settlement will end all the claims against Wells Fargo in the Action and avoid the uncertainties and costs of further litigation and any future trial.

Plaintiffs have agreed to a settlement of this Action after considering, among other things: (1) the substantial benefits to Plaintiffs and the proposed Class under the terms of the Settlement Agreement; (2) the risks, costs and uncertainty of protracted litigation, especially in complex actions such as these, as well as the difficulties and delays inherent in such litigation; and (3) the desirability of

consummating the Settlement Agreement promptly in order to provide effective relief to Plaintiffs and the proposed Class.

The proposed settlement does not suggest that Wells Fargo has or has not done anything wrong, or that Plaintiffs and the proposed Class would or would not win their case if it were to go to trial.

### 4.    WHY IS THIS A "CLASS ACTION"?

In a class action, one or more people, called named plaintiffs or class representatives, sue on behalf of people who have similar claims.  All these people constitute the Class or are Class Members.  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class or are otherwise not part of the Class.

## PART II:  DESCRIPTION OF THE CLASS

### 5.    AM I A MEMBER OF THE CLASS?

With some limited exceptions, described below, the Class includes all persons nationwide who had an FHA-Insured Loan that was originated beginning June 1, 1996 and ending January 20, 2015, where (i) Wells Fargo, its agent, or its predecessor was the mortgagee as of the date the total amount due on the FHA-Insured Loan was brought to zero, (ii) Wells Fargo collected Post-Payment Interest on the FHA-insured Loan during the applicable Limitations Period [**link to document**], and (iii) the borrower made a prepayment inquiry, request for payoff figures, or tender of prepayment but did not receive a Payoff Statement containing the verbatim Post-Payment Interest disclosure language in Housing Handbook, 4330.1 REV-5 Appendix 8(c) or the verbatim language contained in the "Payoff Disclosure" referenced in the Housing Handbook 4000.1.  If you received a notice in the mail, Wells Fargo records indicate that you are a Class Member.

### 6.    ARE THERE EXCEPTIONS TO BEING INCLUDED?

The Class does not include persons who timely and validly request exclusion from the Class or officers, directors, or employees of Wells Fargo or their legal representatives, heirs, or assigns, and any Judges to whom the Action is assigned, their staffs, and their immediate families.

### 7.    I'M STILL NOT SURE IF I'M INCLUDED.

If you do not understand whether or not you are a Class Member, you can further review the information on this **website**, or you can contact Class Counsel.

## PART III:  DECISIONS YOU MUST MAKE NOW

### 8.    WHAT DO I NEED TO DO NOW?

**FIRST**, you must decide now whether you wish to remain in the Settlement Class or to exclude yourself from the Settlement Class.  If you want to remain in the Settlement Class, you do not have to do anything.  If you want to be excluded from the Settlement Class, you must notify the Settlement Administrator as described below in Part VI **no later than [DATE]**.  If you exclude yourself:

- You will **not** be eligible for benefits under the settlement.
- You will **not** be able to object to the proposed settlement and to appear at the Final Approval Hearing.
- You will **not** be bound by any orders or judgments entered in this case, if the proposed settlement is approved.

**SECOND**, if you remain in the Settlement Class, you may object to any part of the proposed settlement by filing a written objection with the Court as described below in Part VII.  You must **file** your objection with the Court **on or before [DATE]**.

You do not have to appear for any objection to be considered, but if you wish to appear and speak at the Final Approval Hearing, you must have first submitted an objection (as described in Part VII) and, in addition, file and serve a Notice of Intention to Appear at the Final Approval Hearing that is postmarked by **[date]** as described in response to Question 22, below.

### 9.    WHAT IF I DO NOTHING?

**If you do nothing, you will automatically receive benefits from the settlement and you will be bound by the settlement's release.**

Unless you exclude yourself from the Settlement Class, if the settlement is approved, all of the Court's orders will apply to you and you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Wells Fargo in regard to the claims in this Action.

The Parties make no representations about the tax implications of payment in connection with the settlement.  You should seek your own tax advice prior to acting in response to this Notice.

### PART IV:  SETTLEMENT BENEFITS – WHAT YOU GET

### 10.    WHAT DOES THE SETTLEMENT PROVIDE?

The Settlement Agreement provides that, to resolve the case, Wells Fargo is depositing a sum of $30,000,000 (30 million U.S. dollars) into an escrow fund (the "Settlement Fund") for payment of settlement expenses, attorneys' fees, class representative awards, and distribution to Class Members by Garden City Group, the Settlement Administrator.   The Settlement Administrator will remit payments by check to each member of the Settlement Class.   To determine the amount of each Settlement Class Member's distribution, the Settlement Administrator will make the following calculations:

(i)     To calculate the "Net Settlement Fund," the Settlement Administrator will deduct the costs of settlement administration, attorneys' fees, class representative awards, and expenses authorized by the Court, from the Settlement Fund.

(ii)    For each such Settlement Class Member, the Settlement Administrator will divide the amount of Post-Payment Interest Wells Fargo collected from that Settlement Class Member by the total amount of Post-Payment Interest that Wells Fargo collected from all Settlement Class Members, to arrive at each such Settlement Class Member's pro

rata percentage.   For each such Settlement Class Member, the Settlement Administrator will multiply the pro rata percentage by the Net Settlement Fund, with the calculation constituting the distribution for that Settlement Class Member.

(iii)   If, according to Wells Fargo's records, there are co-borrowers on the account for which Post-Payment Interest was paid, the settlement check shall be made jointly payable to both named borrowers.

(iv)   Any distribution paid to a deceased Settlement Class Member shall be made payable to the estate of the deceased Settlement Class Member, provided that the Settlement Class Member's estate informs the Settlement Administrator ten (10) calendar days prior to the date that settlement checks are mailed of the Settlement Class Member's death and provides a death certificate confirming that the Settlement Class Member is deceased.

(v)   If a Settlement Class Member's settlement check is not deposited (or cashed) within ninety (90) days after the check is mailed, and cleared from the Settlement Fund within one hundred (100) days after the check is mailed:

> a)   the settlement check will be null and void;
>
> b)   the Settlement Class Member will be barred from receiving a further distribution; and
>
> c)   the amount of such check will revert to the Net Settlement Fund.

(vi)   The Net Settlement Fund remaining following the first round of payments shall be re-apportioned and distributed to settlement Class Members who cashed their first check in a second distribution, as set forth below.

(vii)   The Settlement Administrator will sum the total amount of Post-Payment Interest Wells Fargo collected from all Settlement Class Members who cashed their settlement check in the first distribution.   Then, the Settlement Administrator will divide each Settlement Class Member's individual Post-Payment Interest by the total amount of Post-Payment Interest Wells Fargo collected from all Settlement Class Members who cashed their settlement check from the first distribution to arrive at each such Settlement Class Member's pro rata percentage.   For each such Settlement Class Member, the Settlement Administrator will multiply the pro rata percentage by the remaining Net Settlement Fund, with the calculation constituting the distribution for that Settlement Class Member in the second round.

(viii)   If a Settlement Class Member's second settlement check is not deposited (or cashed) within ninety (90) days after the check is mailed, and cleared from the Settlement Fund within one-hundred (100) days after the check is mailed:

> a)   the second settlement check will be null and void;

b)      the Settlement Class Member will be barred from receiving a further distribution; and

c)      the amount of such check will revert to Wells Fargo.

In return for the benefits in this settlement, and if the settlement is implemented, all Settlement Class Members will release Wells Fargo from the claims discussed in the Settlement Agreement, and this Action will be dismissed with prejudice, among other terms.

## PART V:  THE LAWYERS REPRESENTING THE SETTLEMENT CLASS

### 11.    DO I HAVE A LAWYER IN THIS CASE?

The Court has designated attorneys at the law firms of **Epps Holloway DeLoach & Hoipkemier LLP** and **Robins Kaplan LLP** to represent you and the other Class Members in this lawsuit.  The lawyers representing you and the Class Members are called "Class Counsel."  As part of the Settlement, Class Counsel will apply to the Court for payment which will be paid directly to Class Counsel by Wells Fargo via the Settlement Fund.  **You will not be charged for the services of Class Counsel.**

You may contact Class Counsel about this lawsuit and proposed settlement as follows:

| | |
|---|---|
| Adam L. Hoipkemier | Michael F. Ram |
| Kevin Epps | Susan S. Brown |
| **Epps Holloway DeLoach &** | **Robins Kaplan LLP** |
| **Hoipkemier LLP** | 2440 W. El Camino Real, Suite 100 |
| 6 Concourse Parkway, Suite 2920 | Mountainview, CA 94040 |
| Atlanta, GA 30328 | mram@robinskaplan.com |
| adam@ehdlaw.com | sbrown@robinskaplan.com |
| kevin@ehdlaw.com | |

You have the right to retain your own lawyer to represent you in this case, but you are not obligated to do so.  If you do hire your own lawyer, you will have to pay his or her fees and expenses.  You also have the right to represent yourself before the Court without a lawyer.

### 12.    HOW WILL THE LAWYERS AND CLASS REPRESENTATIVES IN THESE ACTIONS BE PAID?

Class Counsel will apply to the Court for an award of attorneys' fees and costs that will not exceed 25% of the Settlement Fund in fees and $70,000 in costs, which shall be the sole aggregate compensation from Wells Fargo for all attorneys representing Plaintiffs and the Settlement Class.

Class Counsel will apply to the Court for an incentive award of up to $7,500 for Class Representative Vana Fowler and $5,000 for Class Representative Michael Peters.  The purpose of such an award, if any, shall be to compensate the Class Representatives for efforts undertaken by them on behalf of the Class.

## PART VI:  EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to receive benefits from this settlement, and you want to keep the right to sue or continue to sue Defendants on your own with regard to the legal issues in this case, then you must take steps to get out of the Class.  This is called excluding yourself or "opting out" of the Class.

### 13.   HOW DO I GET OUT OF OR EXCLUDE MYSELF FROM THE SETTLEMENT?

If you want to be excluded from the Class, you <u>must</u> notify the Settlement Administrator.  To exclude yourself from the settlement, you must complete and send to the Settlement Administrator a written request that includes the case name (*Vana Fowler, et al. v. Wells Fargo Bank, N.A.*), your name and address, and a statement that indicates a desire to be excluded from the Settlement Class, such as "I hereby request that I be excluded from the proposed Settlement Class in the Action."  The request also must be personally signed by you (the person requesting exclusion).  Mass or class opt outs shall be void.  Your exclusion request must be **postmarked** no later than [**DATE**].  Send your exclusion request to:

*Vana Fowler, et al. v. Wells Fargo Bank, N.A.*
Settlement Administrator
Garden City Group
[**address**]

### 14.   WHAT HAPPENS IF I EXCLUDE MYSELF FROM THE CLASS?

If you request exclusion from the Class, then:

- You will **<u>not</u>** be eligible for benefits under the proposed settlement;

- You will **<u>not</u>** be allowed to object to the terms of the proposed settlement; and

- You will **<u>not</u>** be bound by any subsequent rulings entered in this case if the proposed settlement is finally approved.

**However, if your request for exclusion is <u>late or deficient</u>, you will still be considered a part of the Settlement Class, you will be bound by the settlement and by all other orders and judgments in this lawsuit, and you will not be able to participate in any other lawsuits based on the claims in this case.**

### 15.   WHAT DO I GIVE UP IF I CHOOSE TO STAY IN THE SETTLEMENT CLASS?

Unless you exclude yourself from the Settlement, you cannot sue or be part of any other lawsuit against Wells Fargo about the issues in this Action, including any existing litigation, arbitration, or proceeding.  Unless you exclude yourself, you will be bound by the Settlement, and all of the decisions, orders and judgments by the Court about the Settlement.  If you do nothing at all, you will

- 8 -

be releasing Wells Fargo and the Released Parties from all of the claims described and identified in Sections 8 and 10 of the Settlement Agreement.  The Settlement Agreement is available at **[link]** and provides more detail regarding the Release and describes the Released Claims with specific descriptions.

### 16.    CAN I FILE A LATER LAWSUIT MAKING SIMILAR CLAIMS?

**No.  If you remain a member of the Settlement Class and the settlement is finally approved, you will be enjoined and barred from initiating or continuing any lawsuit or other proceeding against Wells Fargo if those claims are included among those released in the Settlement.**

As part of this settlement, the Court has preliminary enjoined all Class Members and/or their representatives (who do not timely exclude themselves from the Class) from maintaining, commencing, prosecuting, or pursuing any Released Claim as Class Members or otherwise against Wells Fargo (or against any of their related parties or affiliates).

Upon final approval of the settlement, Plaintiffs and Wells Fargo will ask the Court to make this injunction permanent.  All Settlement Class Members will be bound by this permanent injunction.

## PART VII:  OBJECTING TO THE SETTLEMENT

You have the right to tell the Court that you do not agree with the settlement or any or all of its terms.

### 17.    HOW CAN I OBJECT TO THE PROPOSED SETTLEMENT?

If you choose to remain a Settlement Class Member, you have a right to object to any parts of the proposed settlement.  The Court will consider your views.

To be considered by the Court, your written objection must include:

(1) the case name and number: *Vana Fowler, et al. v. Wells Fargo Bank, N.A.*, No. 3:17-cv-02092-HSG;
(2) your name;
(3) your address;
(4) your telephone number;
(5) if you are represented by counsel, the name, address, and telephone number of your counsel;
(6) a written statement of the specific legal and factual bases for your objection(s);
(7) each instance that you or your counsel has objected to a class settlement in the last five years; and
(8) a statement of whether you intend to appear and argue at the Final Approval Hearing, either with or without counsel.

Your written objections must be **filed with the Court no later than [DATE]**:

Clerk of the Court
**United States District Court for the Northern District of California**

- 9 -

**Oakland Division**
1301 Clay Street
Suite 400 S
Oakland, CA 94612

You must also mail your objection to Class Counsel and Defense Counsel, at their addresses:

| CLASS COUNSEL | WELLS FARGO'S COUNSEL |
|---|---|
| Adam L. Hoipkemier | K. Issac deVyver |
| Kevin Epps | Karla L. Johnson |
| Epps Holloway DeLoach & Hoipkemier LLP | McGuireWoods LLP |
| 6 Concourse Parkway, Suite 2920 | 260 Forbes Avenue |
| Atlanta, GA 30328 | Pittsburgh, PA 15222 |

If you file objections, but the Court approves the settlement as proposed, you are still eligible for benefits under the settlement, subject to the terms and conditions discussed in this Notice and in the Settlement Agreement.

### 18. WHAT IS THE DIFFERENCE BETWEEN "OBJECTING" AND "EXCLUDING"?

Objecting is simply a way of telling the Court that you do not like something about the Settlement. You can only object if you stay in the Settlement Class.

If you object to the Settlement, you still remain a member of the Settlement Class, eligible to benefit from the Settlement. You will also be bound by any subsequent rulings in this Action and you will not be able to file or participate in any other lawsuit or proceeding based upon or relating to the claims, causes of action, facts, or circumstances of this case.

Excluding yourself is telling the Court that you do not want to be a part of the Settlement Class. If you exclude yourself, you have no basis to object to the Settlement or appear at the Final Approval Hearing because it no longer affects you.

## PART VIII: THE COURT'S FINAL APPROVAL HEARING

The Court will hold a final hearing (called a Final Approval Hearing) to decide whether to finally approve the settlement.

### 19. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

On [**DATE**], at [**TIME**], the Court will hold a Final Approval Hearing at the United States District Court for the Northern District of California, before the Honorable Haywood S. Gilliam, Jr., in Courtroom 2, 1301 Clay Street, Oakland, CA 94612.

- 10 -

At the hearing, the Court will consider whether to grant final certification to the Settlement Class for settlement purposes, whether to approve the proposed settlement as fair, reasonable and adequate, whether to award attorneys' fees and costs, whether to award the Class Representatives an award for their help, and consider related settlement issues.  We do not know whether the Court will make its decision on the day of the hearing or sometime later.

**20.    DO I HAVE TO COME TO THE HEARING?**

No.  Class Counsel will answer questions the Court may have at the Final Approval Hearing.  But you are welcome to come at your own expense.  Please note that the Court has the right to change the date and/or time of the Final Approval Hearing without further notice.  If you are planning to attend the hearing, you should confirm the date and time before going to the Court.

**21.    MAY I SPEAK AT THE FINAL APPROVAL HEARING?**

Yes, if you have filed an objection, you may ask the Court for permission to speak at the hearing.  To do so, you must submit an objection and also file a document called a "Notice of Intention to Appear" as described in response to Question 22, below.

**22.    WHAT DO I HAVE TO DO TO SPEAK AT THE FINAL APPROVAL HEARING?**

If you are a member of the Settlement Class, and you (or your attorney) want to appear and speak at the Final Approval Hearing, you (or your attorney) must have submitted an objection and must file a **Notice of Intention to Appear at the Final Approval Hearing**.  **Your Notice of Intention to Appear at the Final Approval Hearing, along with any papers, exhibits, or other evidence you intend to present, must be filed with the Court at the address specified in Question 17, and served on Class Counsel and Defense Counsel (at their addresses specified in Section 17 of the Settlement Agreement) no later than [DATE].**

If you file an objection and appear at the Final Approval Hearing, but the Court approves the settlement as proposed, you will still be eligible to benefit from the Settlement, subject to the terms and conditions discussed in this Notice and in the Settlement Agreement.

## PART IX:  GETTING ADDITIONAL INFORMATION

**23.    HOW DO I GET MORE INFORMATION?**

This Notice and the accompanying documents summarize the proposed settlement.  More details are contained in the Settlement Agreement.  The full Settlement Agreement is on file with the Clerk of the Court and is also available at **[link]**.  For a more detailed statement of the matters involved in this case, you may review the complaint and the other papers and Court orders on file in the Clerk's office at any time during normal business hours, Monday through Friday, 9:00 a.m. to 4:00 p.m. Pacific Time.

If you have questions after reading this notice, you may direct your questions about the settlement to Class Counsel, whose name and address is listed in response to Question 11 of this Notice.

**PLEASE DO NOT CALL THE COURT OR THE CLERK OF THE COURT**

Dated:  **[DATE]**, 2018

Clerk of the Court
United States District Court for the Northern District
of California

EXHIBIT 3

1  ROBINS KAPLAN LLP
   Michael F. Ram (SBN 104805)
2  mram@robinskaplan.com
   Susan S. Brown (SBN #287986)
3  sbrown@robinskaplan.com
   2440 West El Camino Real, Suite 100
4  Mountain View, CA 94040
   Telephone: 650 784 4040
5
   TURKE & STRAUSS LLP
6  Samuel Strauss (admitted *pro hac vice*)
   sam@turkestrauss.com
7  613 Williamson Street, Suite 209
   Madison, Wisconsin 53703-3515
8
   Attorneys for Plaintiffs and the
9  Settlement Class

EPPS HOLLOWAY DELOACH &
HOIPKEMIER LLC
Adam L. Hoipkemier (admitted *pro hac vice*)
adam@ehdhlaw.com
Kevin E. Epps (admitted *pro hac vice*)
kevin@ehdhlaw.com
1220 Langford Drive, Building 200-100
Watkinsville, Georgia 30677

10              UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
11                 OAKLAND DIVISION

12

13  VANA FOWLER, individually and on          CASE NO. 3:17-cv-02092-HSG
    behalf of all others similarly situated,
14                                            The Hon. Haywood S. Gilliam, Jr.
                Plaintiff,
15
           vs.
16
    WELLS FARGO BANK, N.A.,
17
                Defendant.
18

19

20      [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND
21                      PROVIDING FOR NOTICE

22      WHEREAS, the above entitled action is pending before this Court (the "Action");

23      WHEREAS, the parties having made application, pursuant to Federal Rule of Civil

24  Procedure 23(e), for an order approving the settlement of this Action, in accordance with the

25  Settlement Agreement and Release dated June 27, 2018 (the "Agreement"), which, together with

26  the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the

27  Action and for dismissal of the Action with prejudice upon the terms and conditions set forth

28

                                        1

therein; and the Court having read and considered the Agreement and the exhibits annexed thereto; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Settlement.**  Plaintiffs Vana Fowler and Michael Peters (collectively, the "Class Representatives") on behalf of themselves and all members of the Class, and Defendant Wells Fargo Bank, N.A. ("Wells Fargo") have negotiated a potential settlement to the Action to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims (as defined in the Agreement) against Wells Fargo and the Releasees.

2. **Review.**  At the preliminary approval stage, the Court's task is to evaluate whether the settlement is within the "range of reasonableness."  4 Newberg on Class Actions § 11.26 (4th ed. 2010).  In determining whether class action settlements should be approved, "[c]ourts judge the fairness of a proposed compromise by weighing the plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement. [Citation omitted] . . . They do not decide the merits of the case or resolve unsettled legal questions." *Carson v. American Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981).  To determine if a class action settlement is "fair, reasonable, and adequate," the district court must consider eight factors: "(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement."  *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015). "[A] settlement agreement is presumptively valid…."  *Ruonavaara v. Harris Corp.*, No. CV 2:17-2463 WBS CKD, 2018 WL 746498, at *1 (E.D. Cal. Feb. 6, 2018) (citation omitted).  Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation*, Third, § 30.42 (West 1995) ("A presumption of fairness,

1   adequacy, and reasonableness may attach to a class settlement reached in arms'-length

2   negotiations between experienced, capable counsel after meaningful discovery.") (internal

3   quotation marks omitted).  The Court has carefully reviewed the Agreement, as well as the files,

4   records, and proceedings to date in the Action.  The terms and conditions in the Agreement are

5   hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated,

6   capitalized terms in this Order shall have the meanings attributed to them in the Agreement.

7       3.    **Jurisdiction.**  This Court has jurisdiction over the subject matter of the Action and

8   over all parties to the Action, including all Members of the Class, and venue in this Court is

9   proper.

10      4.    **Preliminary Approval.**  The Court does hereby preliminarily approve the

11  Agreement and the Settlement set forth therein as fair, reasonable, and adequate, subject to further

12  consideration at the Final Approval Hearing described below.  The Court finds on a preliminary

13  basis that the Settlement as set forth in the Agreement falls within the range of reasonableness and

14  was the product of informed, good-faith, arms'-length negotiations between the Parties and their

15  counsel, and therefore meets the requirements for preliminary approval.

16      5.    **Choice of Law Analysis.**  Plaintiffs seek to certify a nationwide class based on the

17  breach of contract law of the fifty states.  The Court has considered the surveys of state law

18  attached to the motion for preliminary approval.  Motion, Ex. 1-2.  Every state employs some

19  close variation of the same three elements: (i) a contract; (ii) breach; and (iii) damages.  *Id.*

20  Additionally, as a general rule, every state permits a claim for breach of regulations incorporated

21  as a term of a contract.  *Id.*  Accordingly, the Court finds, for the purpose of preliminary approval

22  of the Settlement Class only, that there is no material or predominating difference in state law as it

23  pertains to the Settlement Class' claims for breach of the HUD note.  S*ee Ellsworth v. U.S. Bank,*

24  *N.A.*, No. C 12-02506 LB, 2014 U.S. Dist. LEXIS 81646, at *65 (N.D. Cal. June 13, 2014)

25  ("courts routinely certify class actions regarding breaches of form contracts."); *In Re Med. Capital*

26  *Secs. Litig.*, No. SAML 10-2145 DOC (RNBx), 2011 U.S. Dist. LEXIS 126659, 2011 WL

27  5067208, at *3 (C.D. Cal. Jul. 26, 2011) (collecting cases).  Furthermore, the Court finds that this

28  case is factually distinct from the Ninth Circuit's decision in *Espinosa v. Ahearn (In re Hyundai &*

3

*Kia Fuel Econ. Litig.*), 881 F.3d 679 (9th Cir. 2018), which involved extra-territorial application of California's consumer laws, not breach of contract.

     6.    **Settlement Class.**  The Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon the Action, including no effect upon the Action should the Agreement not receive Final Approval or should the Effective Date not occur), a class defined as the collective group of all persons nationwide who had an FHA-Insured Loan that was originated beginning June 1, 1996 and ending January 20, 2015, where (i) Wells Fargo, its agent, or its predecessor was the mortgagee as of the date the total amount due on the FHA-Insured Loan was brought to zero, (ii) Wells Fargo collected Post-Payment Interest on the FHA-Insured Loan during the applicable Limitations Period, and (iii) the borrower made a prepayment inquiry, request for payoff figures, or tender of prepayment but did not receive a Payoff Statement containing the verbatim Post-Payment Interest disclosure language in Housing Handbook, 4330.1 REV-5 Appendix 8(c) or the verbatim language contained in the "Payoff Disclosure" referenced in the Housing Handbook 4000.1.  Excluded from the Class are Wells Fargo, all officers, directors, and employees of Wells Fargo, and their legal representatives, heirs, or assigns, and any Judges to whom the Action is assigned, their staffs, and their immediate families.

     7.    The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in that, in the settlement context:  (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Class Representatives are typical of the claims of the Class; (d) the Class Representatives and their counsel will fairly and adequately represent and protect the interests of the Class Members; (e) the Class is ascertainable; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

     8.    **Designation of Class Representatives and Class Counsel.**  The Court appoints the Plaintiffs Vana Fowler and Michael Peters as Class Representatives, and the counsel of record representing the Class Representatives in the Action as Class Counsel.

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

9.      **Final Approval Hearing.**  A hearing (the "Final Approval Hearing") shall be held before this Court, on _____, 2018, at _____.m., at the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612 to determine, among other things: (i) whether the proposed Settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) whether a Judgment as provided in Paragraph 1.17 of the Agreement should be entered; (iii) whether Settlement Class Members should be bound by the Release set forth in the Agreement; (iv) any amount of fees and expenses that should be awarded to Class Counsel and any award to the Class Representatives for their representation of the Class; (vi) to consider any Settlement Class Member's objections to the Settlement and/or any application by Class Counsel for payment or reimbursement of attorneys' fees, costs, and expenses and any application for an award to the Class Representatives; and (vii) to rule upon such other matters as the Court may deem appropriate.  The Parties shall include the date of the Final Approval Hearing in the Notice to be mailed to the Settlement Class.

10.      **Class Notice.**  The Court approves the form, substance and requirements of the Notice of Proposed Settlement of Class Action ("the Postcard Notice") and the long-form Notice annexed hereto as Exhibits 1-A and 1-B, respectively.  The Court further finds that the form, content and mailing of the Postcard Notice, substantially in the manner and form set forth in Paragraph 10 of this Order, meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.  The Court further finds that this is the best notice practicable under the circumstances and is reasonably calculated, under all the circumstances, to apprise potential Class Members of the pendency of the Action, to apprise persons who would otherwise fall within the definition of the Class of their right to exclude themselves from the proposed Class, and to apprise Class Members of their right to object to the proposed Settlement and their right to appear at the Final Approval Hearing.  The Court further finds that the Notice constitutes due and sufficient notice to all persons entitled thereto.

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

11.     **Settlement Administrator.**  Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints Garden City Group ("Settlement Administrator") to supervise and administer the notice procedure as more fully set forth below:

(a)     No later than forty-five (45) days from the entry of this Order (the "Notice Date"), the Settlement Administrator shall cause a copy of the Postcard Notice, substantially in the form annexed as Exhibit 1-A hereto (though the Settlement Administrator shall have discretion to format the Postcard Notice in a reasonable manner to minimize mailing or administration costs), to be mailed by first class U.S. mail to each individual on the Notice List;

(b)     No later than the Notice Date, the Settlement Administrator shall establish a website at www.FHASettlement.com, and shall post on the website the Agreement and Exhibits including the long-form Notice in the same or substantially the same form as Exhibit 1-B hereto, and the operative Complaint in this Action;

(c)     Following the issuance of the Postcard Notice, the Settlement Administrator shall provide counsel with written confirmation of the mailing and publication via website; and

(d)     The Settlement Administrator shall otherwise carry out its duties as set forth in Section 6 of the Agreement.

12.     **Exclusion from the Class.**  Any Class Member may, upon request, be excluded from the Class.  Any such Class Member must submit a written Request to Opt Out, postmarked no later than thirty days before the Final Approval Hearing.  The written Request to Opt Out must be sent to the Settlement Administrator: *Vana Fowler, et al., v. Wells Fargo Bank, N.A.*, c/o GCG, P.O. Box 10644, Dublin, OH, 43017-9244.  To be valid, the Request to Opt Out must include the Class Member's name, address, original signature, and a statement that indicates a desire to be excluded from the Settlement Class.  All Class Members who submit valid and timely Requests to Opt Out in the manner set forth in this Paragraph shall have no rights under the Agreement and shall not be bound by the Agreement or any Final Judgment.  Mass or class opt outs shall not be allowed.  A Class Member who desires to opt out must take timely affirmative written action pursuant to this Order and the Agreement, even if the person desiring to opt out of the Class (a)

1  files or has filed a separate action against any of the Released Parties, or (b) is, or becomes, a

2  putative class member in any other class action filed against any of the Released Parties.

3      13.   **Copies of Requests to Opt Out.**  The Settlement Administrator shall provide Class

4  Counsel and Defense Counsel with a list of all timely Requests to Opt Out within seven (7)

5  business days after the Opt-Out Deadline.

6      14.   **Entry of Appearance.**  Any member of the Class who does not exclude himself or

7  herself from the Settlement Class may enter an appearance in the Action, at his or her own

8  expense, individually or through counsel of his or her own choice.  If he or she does not enter an

9  appearance, he or she will be represented by Class Counsel.

10     15.   **Binding Effect on Class.**  All Members who do not exclude themselves from the

11 Settlement Class by properly and timely submitting an exclusion form shall be bound by all

12 determinations and judgments in the Action concerning the Settlement, whether favorable or

13 unfavorable to the Class.

14     16.   **Objections.**  Any Class Member who does not timely and validly exclude himself

15 or herself from the Settlement Class may appear and show cause, if he or she has any reason why

16 the proposed Settlement of the Action should not be approved as fair, reasonable and adequate,

17 why a Final Judgment should not be entered thereon, why attorneys' fees and expenses should not

18 be awarded to Class Counsel, or why an award should not be made to the Class Representatives;

19 provided, however, that no Class Member shall be heard or entitled to contest the approval of the

20 terms and conditions of the proposed Settlement, or, if approved, the Final Judgment to be entered

21 thereon approving the same, or any attorneys' fees and expenses to be awarded to Class Counsel

22 or award made to the Class Representatives, unless a written objection is filed with the Clerk of

23 the United States District Court for the Northern District of California, Oakland Courthouse, 1301

24 Clay Street, Oakland, CA 94612, on or before thirty (30) days before the Final Approval Hearing.

25 A copy of the objection must also be mailed to Class Counsel and Defense Counsel, postmarked

26 on or before thirty (30) days before the Final Approval Hearing.  To be valid, the objection must

27 set forth, in clear and concise terms: (a) the case name and number (*Vana Fowler, et al. v. Wells

28 Fargo Bank, N.A.*, No. 3:17-cv-02092-HSG); (b) the name, address, telephone number of the

Settlement Class Member objecting and, if represented by counsel, of his/her counsel; (c) the specific legal and factual bases for objection; (d) each instance that the Settlement Class Member or his/her counsel has objected to a class settlement in the last five years; and (e) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel. Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Agreement, and to the award of attorneys' fees and expenses to Class Counsel and the payment of an award to the Class Representatives for their representation of the Class, unless otherwise ordered by the Court.

17. **Appearance of Objectors at Final Approval Hearing.** Any Class Member who files and serves a written objection in accordance with Paragraph 16 of this Order may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objector: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on Class Counsel and Defense Counsel by the Objection Deadline. The Notice of Intention to Appear must include the identity of any witnesses that may be called to testify and copies of any papers, exhibits, or other evidence that the objector will present to the District Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing and raise any objections.

18. **Service of Motion for Final Approval.** The motion in support of final approval of the Settlement and Class Counsel's application for Attorneys' Fees and Expenses shall be filed and served no later than fourteen (14) calendar days prior to the Final Approval Hearing and any

responsive papers shall be filed and served no later than seven (7) calendar days prior to the Final Approval Hearing.

19.     **Fees, Expenses, and Awards.**  Neither Wells Fargo nor the Releasees shall have any responsibility for any application for Attorneys' Fees and Expenses submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  At or after the Final Approval Hearing, the Court shall determine whether any application for Attorneys' Fees and Expenses, and any award to the Class Representatives for their representation of the Class, should be approved.

20.     **Releases.**  If the Settlement is finally approved, the Releasors shall release the Releasees from all Released Claims.

21.     **Use of Order.**  Neither this Order, the fact that a settlement was reached and filed, the Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Wells Fargo.  This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action.  In no event shall this Order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Agreement.

22.     **Continuance of Final Approval Hearing.** The Court reserves the right to continue the date of the Final Approval Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

23.     **Stay of Proceedings.**  All proceedings in this Action are stayed until further Order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

24. **Preliminary Injunction.**  Pending final determination of whether the Settlement should be approved, and upon expiration of the Opt-Out Deadline, all Class Members who do not timely and validly exclude themselves from the Settlement Class, and each of them, and anyone who purports to act on their behalf, are preliminarily enjoined from directly or indirectly maintaining, commencing, prosecuting, or pursuing directly, representatively, or in any other capacity, any Released Claim subsumed and covered by the Release in the Agreement, including in any court or arbitration forum.

25. **Termination of Settlement.**  If:  (a) the Agreement is terminated as provided in Section 13 of the Agreement; or (b) any specified material term or condition of the Settlement as set forth in the Agreement is not satisfied as provided in Section 13 of the Agreement, then this Order may not be introduced as evidence or referred to in any actions or proceedings by any person or entity and shall be treated as vacated, *nunc pro tunc* (except Paragraph 21 of this Order shall remain in effect), and each party shall be restored to his, her, or its respective position in this Action as it existed prior to the execution of the Agreement.

26. **Joint Stipulation to Conditionally Amend the Complaint for Settlement Purposes.**  The Parties' Joint Stipulation to Conditionally Amend the Complaint for Settlement Purposes is approved.  If the Agreement is terminated, as described above in Paragraph 25, the Conditionally Amended Complaint shall be deemed withdrawn and the prior Complaint shall again become the operative Complaint.

27. **No Merits Determination.**  By entering this Order, the Court does not make any determination as to the merits of this case.

28. **Authority.**  The Court hereby authorizes the Parties to take such further steps as necessary and appropriate to establish the means necessary to implement the terms of the Agreement.

29. **Jurisdiction.**  This Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Agreement and the Settlement.

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE HAYWOOD S. GILLIAM, JR.
UNITED STATES DISTRICT JUDGE

EXHIBIT 4

1  ROBINS KAPLAN LLP
   Michael F. Ram (SBN 104805)
2  mram@robinskaplan.com
   Susan S. Brown (SBN #287986)
3  sbrown@robinskaplan.com
   2440 West El Camino Real, Suite 100
4  Mountain View, CA 94040
   Telephone: 650 784 4040
5
   TURKE & STRAUSS LLP
6  Samuel Strauss (admitted *pro hac vice*)
   sam@turkestrauss.com
7  613 Williamson Street, Suite 209
   Madison, Wisconsin 53703-3515
8
   Attorneys for Plaintiffs and the
9  Settlement Class

EPPS HOLLOWAY DELOACH &
HOIPKEMIER LLC
Adam L. Hoipkemier (admitted *pro hac vice*)
adam@ehdhlaw.com
Kevin E. Epps (admitted *pro hac vice*)
kevin@ehdhlaw.com
1220 Langford Drive, Building 200-100
Watkinsville, Georgia 30677

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| VANA FOWLER, individually and on behalf of all others similarly situated,<br><br>                     Plaintiff,<br><br>          vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>                     Defendant. | CASE NO. 3:17-cv-02092-HSG<br><br>The Hon. Haywood S. Gilliam, Jr. |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to the Order of this Court dated _____, 2018, on the application of the Parties for approval of the Settlement set forth in the Settlement Agreement and Release dated **[date of agreement]**, 2018 (the "Agreement").  On _____, 2018, this Court granted preliminary approval to the proposed class action settlement set forth in the Agreement between Plaintiffs Vana Fowler and Michael Peters (collectively, the "Class Representatives"), on behalf of themselves and all members of the Class, and Defendant Wells Fargo Bank, N.A. ("Wells Fargo").  This Court also provisionally certified

the Class for settlement purposes, approved the procedure for giving Class Notice to the members of the Class, and set a Final Approval Hearing to take place on _____, 2018.  The Court finds that due and adequate notice was given to the Settlement Class as required in the Court's Order.

The Court has reviewed the papers filed in support of the motion for Final Approval, including the Settlement Agreement and exhibits thereto, memoranda and arguments submitted on behalf of the Settlement Class, and supporting affidavits.

On _____, 2018, this Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the Settlement Class Members' Released Claims on the merits and with prejudice; and (3) whether and in what amount to award attorneys' fees and expenses to Class Counsel; and any award to the Class Representatives for their representation of the Class.

Based on the papers filed with the Court and the presentations made to the Court by the Parties and by other interested persons at the Final Approval Hearing, it appears to the Court that the Settlement Agreement is fair, adequate, and reasonable, and in the best interests of the Settlement Class.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. **Definitions.**  This Judgment incorporates by reference the definitions in the Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Agreement.

2. **Jurisdiction.**  This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class, and venue in this Court is proper.

3. **No Merits Determination.**  By entering this Order, the Court does not make any determination as to the merits of this case.

4. **Settlement Class.**  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action as a class action, with the a Class defined as the

collective group of all persons nationwide who had an FHA-Insured Loan that was originated

beginning June 1, 1996 and ending January 20, 2015, where (i) Wells Fargo, its agent, or its

predecessor was the mortgagee as of the date the total amount due on the FHA-Insured Loan was

brought to zero, (ii) Wells Fargo collected Post-Payment Interest on the FHA-Insured Loan during

the applicable Limitations Period, and (iii) the borrower made a prepayment inquiry, request for

payoff figures, or tender of prepayment but did not receive a Payoff Statement containing the

verbatim Post-Payment Interest disclosure language in Housing Handbook, 4330.1 REV-5

Appendix 8(c) or the verbatim language contained in the "Payoff Disclosure" referenced in the

Housing Handbook 4000.1.  Excluded from the Class are Wells Fargo, all officers, directors, and

employees of Wells Fargo, and their legal representatives, heirs, or assigns, and any Judges to

whom the Action is assigned, their staffs, and their immediate families.

5.     The Court finds, for settlement purposes only, that class certification under Fed. R.

Civ. P. 23(b)(3) is appropriate in that, in the settlement context:  (a) the Members of the Class are

so numerous that joinder of all Class Members in the class action is impracticable; (b) there are

questions of law and fact common to the Class which predominate over any individual question;

(c) the claims of the Class Representatives are typical of the claims of the Class; (d) the Class

Representatives and their counsel will fairly and adequately represent and protect the interests of

the Class Members; (e) the Class is ascertainable; and (f) a class action is superior to other

available methods for the fair and efficient adjudication of the controversy.

6.     **Designation of Class Representatives and Class Counsel.**  The Court confirms

the prior appointments of the Plaintiffs Vana Fowler and Michael Peters as Class Representatives,

and the counsel of record representing the Class Representatives in the Action as Class Counsel.

7.     **Settlement Approval.**  Pursuant to Federal Rule of Civil Procedure 23, this Court

hereby approves the Settlement set forth in the Agreement and finds that the Settlement is, in all

respects, fair, reasonable and adequate to the Parties. The Court further finds that the Settlement

set forth in the Agreement is the result of good faith arm's-length negotiations between

experienced counsel representing the interests of the Parties.  Accordingly, the Settlement

1  embodied in the Agreement is hereby finally approved in all respects, there is no just reason for

2  delay, and the Parties are hereby directed to perform its terms.

3      8.   **Dismissal with Prejudice.**  Final Judgment is hereby entered with respect to the

4  Released Claims of all Settlement Class Members, and the Released Claims in the Action are

5  hereby dismissed in their entirety with prejudice and without costs.  All claims in the Action are

6  dismissed, and the case shall be closed pursuant to Paragraph 22 of this Order.  Nothing herein is

7  intended to waive or prejudice the rights of Class Members who have timely excluded themselves

8  from the Class, as identified on Exhibit 1 hereto.

9      9.   **Releases.**  The releases as set forth in Section 10 of the Agreement together with

10  the definitions in Sections 1.1-1.38 relating thereto are expressly incorporated herein in all

11  respects and made effective by operation of this Judgment.  The Court hereby approves the release

12  provisions as contained and incorporated in Section 10 of the Agreement, including but not limited

13  to the definitions of Released Claims, Releasors, Releasees and Unknown Claims.  The Releasors

14  shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever

15  released, relinquished and discharged all Released Claims (including Unknown Claims) against

16  the Releasees.

17      10.  **Permanent Injunction.**  The Releasors, including the Class Representatives and

18  all Settlement Class Members, and anyone claiming through or on behalf of any of them, are

19  forever barred and enjoined from filing, commencing, prosecuting, intervening in, or participating

20  in (as class members or otherwise) any action in any jurisdiction for the Released Claims.  The

21  Releasors further are forever barred and enjoined from organizing Settlement Class Members, or

22  soliciting the participation of Settlement Class Members, or persons who would otherwise fall

23  within the definition of Settlement Class Members but who have requested to be excluded from

24  the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking

25  to amend a pending complaint or counterclaim to include class allegations, or seeking class

26  certification in a pending action in any jurisdiction based on or relating to any of the Released

27  Claims).

28

11. **Approval of Class Notice.** The form and means of disseminating the Class Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort and publication notice. Said Notice provided the best notice practicable under the circumstances of the proceedings and the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

12. **Attorneys' Fees and Expenses.** Plaintiffs and Class Counsel have moved for an award of attorneys' fees, costs and expenses in the amount of $___ million. The Court has considered this application separately from this Judgment. The Court finds that an award of $_____ in attorneys' fees, costs and expenses is fair and reasonable, and the Court approves of Class Counsel attorneys' fees, costs and expenses in this amount.

13. The Court further finds that service awards for Ms. Fowler in the amount of $7,500 and Mr. Peters in the amount of $5,000 each is fair and reasonable, and the Court approves of the service awards in this amount. The Court directs the Defendant to disburse this amount to Ms. Fowler and Mr. Peters as provided in the Settlement Agreement.

14. **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Agreement, nor any related negotiations, statements or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Wells Fargo. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Agreement.

15.     **Continuing Jurisdiction.**  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Agreement, the Final Judgment, and for any other necessary purpose, including to ensure compliance with the Protective Order.

16.     **Termination of Settlement.**  In the event that the Settlement does not become effective in accordance with the terms of the Agreement, or the Agreement is terminated pursuant to Section 13 of the Agreement, the Parties shall be restored to their respective positions in the Action prior to the execution of the Agreement, the certification of the Settlement Class shall be automatically vacated, and this Judgment shall be rendered null and void (except Paragraph 14 of this Order shall remain in effect) to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

17.     **Implementation of the Agreement.**  The Parties are hereby authorized to implement the terms of the Agreement.

18.     **Reasonable Extensions.**  Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

19.     **Class Action Fairness Act (CAFA) Notice.**  Wells Fargo has provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

20.     **Class Notice List.**  No later than thirty (30) days after the Effective Date (as defined in the Agreement), the Settlement Administrator shall file with this Court, under seal pursuant to the Protective Order entered in this litigation (in order to protect the names, addresses, and other personal information of Class Members), a list of the names and addresses of all Members of the Class to whom the Individual Notice was sent.

21.     **Entry of Final Judgment.**  There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed.

22.     **Action Closed.**  The Clerk of the Court is hereby directed to close the Action.

1            IT IS SO ORDERED.

2

3

4  DATED: _____        _____

                                THE HONORABLE HAYWOOD S. GILLIAM, JR.

5                                UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE