Michael F. Ram (SBN 104805)
mram@robinskaplan.com
Susan S. Brown (SBN #287986)
sbrown@robinskaplan.com
ROBINS KAPLAN LLP
2440 West El Camino Real, Suite 100
Mountain View, CA 94040
Telephone:    650 784 4040
Facsimile:    650 784 4041

Kevin E. Epps (appearing *pro hac vice*)
kevin@ehdhlaw.com
Adam L. Hoipkemier (appearing *pro hac vice*)
adam@ehdhlaw.com
EPPS, HOLLOWAY, DELOACH &
HOIPKEMIER, LLC
1220 Langford Drive, Bldg. 200
Watkinsville, GA 30677

Samuel Strauss (appearing *pro hac vice*)
sam@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson Street, Suite 209
Madison, Wisconsin 53703-3515

*Attorneys for Plaintiffs and the Proposed Classes*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| VANA FOWLER and MICHAEL PETERS,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | NO. 4:17-cv-02092-HSG<br><br>**DECLARATION OF SAMUEL STRAUSS IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND FOR CLASS REPRESENTATIVE SERVICE AWARDS**<br><br>Date:    December 20, 2018<br>Time:    2:00 p.m.<br>Place:   Courtroom 2, 4th Floor<br><br>Honorable Haywood Gilliam, Jr. |

I, Samuel J. Strauss, declare as follows:

1.      I am a member of the law firm of Turke & Strauss LLP, counsel of record for Plaintiffs in this matter.  I am admitted to practice before this Court and am a member in good standing of the bars of the states of Washington and Wisconsin.  I make this Declaration of my own personal knowledge.  If called upon to testify, I could and would testify competently to the truth of the matters stated herein.  I respectfully submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and for Class Representative Service Awards.

2.      Turke & Strauss is a law firm in Madison, Wisconsin that focuses on complex civil and commercial litigation with an emphasis on consumer protection, employment, wage and hour, business, real estate, and debtor-creditor matters.

3.      On August 22, 2018, in connection with the Court's order on Plaintiffs' motion for preliminary approval of the settlement in this case, the Court appointed Epps Holloway DeLoach & Hoipkemier LLC, Robins Kaplan LLP, and Turke & Strauss LLP to serve as Class Counsel for the settlement class.  D.E. 85.

**B.      Qualifications of Counsel**

4.      I graduated from the University of Washington School of Law with honors in 2013.  As a founding member of Turke & Strauss, I concentrate my practice in complex litigation with an emphasis on consumer and employment issues.

5.      I have represented plaintiffs in several consumer class actions, including the following:

- *In re Capital One Telephone Consumer Protection Act Litigation*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*  Final approval of the $75,455,098.74 settlement was granted in February 2015.

- *Wilkins, et al. v. HSBC Bank Nevada, N.A., et al.*—Filed on behalf of individuals who alleged that HSBC made prerecorded calls using an automatic dialing system.  The case settled on a

DECLARATION OF SAMUEL STRAUSS IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND FOR CLASS REPRESENTATIVE SERVICE AWARDS - 2
CASE NO. 4:17-CV-02092-HSG

class-wide basis in 2014 for $39,975,000, and final approval was granted in March 2015.

- *Ott, et al. v. Mortgage Investors Corporation*—Filed on behalf of consumers who received automated solicitation telephone calls on their cellular and residential telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*  The case settled on a class-wide basis for $7,483,600, and final approval was granted in January 2016.

- *Melito, et al. v. American Eagle Outfitters, Inc., et al.*—Filed on behalf of consumers who received spam text messages on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*  The case settled on a class-wide basis in 2016 for $14.5 million. The case is currently on appeal with the United States Court of Appeals for the Second Circuit.

- *Rinky Dink, et al. v. World Business Lenders, LLC*—Filed on behalf of consumers who received automated, prerecorded solicitation telephone calls on their cellular telephones and Washington landlines without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400, and the Washington Consumer Protection Act, RCW 19.86 *et seq.*  The case settled on a class-wide basis in 2015, and final approval was granted in May 2016.

- *Dibb, et al. v. AllianceOne Receivables Management, Inc.*—Filed on behalf of Washington consumers who received unfair and deceptive debt collection notices that included threats of criminal prosecution.  The case is settled on a class-wide basis, and final approval was granted in July 2017.

- *Spencer v. FedEx Ground Package System, Inc.*—Filed on behalf of current and former delivery drivers who allege violations of state wage and hour laws.  The case settled on a class-wide basis, and final approval was granted in December 2016.

DECLARATION OF SAMUEL STRAUSS IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND FOR CLASS REPRESENTATIVE SERVICE AWARDS - 3
CASE NO. 4:17-CV-02092-HSG

- *Newell v. Home Care of Washington, Inc., et al.*—Filed on behalf of more than 400 in-home health care workers who alleged violations of state wage and hour laws. The case settled on a class-wide basis, and final approval was granted in January 2015.

**C.    The Work Performed and Risks Assumed by Class Counsel**

6.      To date, Class Counsel have expended considerable time and effort vigorously litigating this case. Class Counsel have collectively devoted thousands of attorney and paralegal hours and $77,889.64 in litigation costs.

7.      Turke & Strauss has spent time on this litigation that could have been spent on other matters. Turke & Strauss is a small firm with two partners. At various times during the litigation of this class action, this lawsuit has consumed a substantial percentage of my time that otherwise could have been spent on other fee-generating work for existing clients, including matters billed on an hourly basis. In addition to a substantial percentage of my time, this case has required significant work by the firm's associate, paralegal, and support staff.

8.      The time that Turke & Strauss has spent on this case has been completely contingent on the outcome of the action. Turke & Strauss has not been paid for any of the time spent on the Post-Payment Interest Litigation.

9.      Turke & Strauss worked closely with six class members, Gerald Braxmeyer (California resident), Henry Yrlas (California resident), Russell Reece (North Carolina resident), Seth Hawk (Texas resident), Sandra McKenzie (Texas resident), and Dane Yetzer (Pennsylvania resident), to investigate Wells Fargo's practices. These class members, each agreed to participate as Class Representatives and invested time meeting with counsel, reviewing relevant pleadings, searching for relevant documents, and requesting their respective mortgage documents from Wells Fargo. In addition, these class members were willing respond to written discovery and to travel to San Francisco, California, to testify at a deposition and at trial. I estimate that each of these class members, spent approximately 5 hours working with Class Counsel on the case.

DECLARATION OF SAMUEL STRAUSS IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND FOR CLASS REPRESENTATIVE SERVICE AWARDS - 4
CASE NO. 4:17-CV-02092-HSG

10.     The class benefitted from the efforts of Mr. Braxmeyer, Mr. Yrlas, Mr. Reece, Mr. Hawk, Ms. McKenzie, and Mr. Yetzer.  Specifically, Class Counsel learned valuable information from these class members as well as through the production of their documents.  The Class was also armed with increased settlement leverage from the credible threat of additional lawsuits that these class members provided.

**D.      Timekeeping and Lodestar Calculation**

11.     The regular practice at Turke & Strauss is for all attorneys and staff to keep contemporaneous time records, maintained on a daily basis, and describing tasks performed in 0.1 hour increments.  Firm policy requires all staff to enter their time into an electronic timekeeping system on a daily basis.

12.     I carefully reviewed my firm's internal time records and eliminated any duplicate work, time spent reviewing work, and time spent on other purely administrative tasks.  I also deleted all time billed by attorneys and staff who contributed only minimal time to prosecuting the action.

13.     In connection with the representation of Plaintiffs, the attorney and staff timekeepers at Turke & Strauss have billed a total of 646 hours through October 5, 2018.  The hours reported were compiled from the firm's contemporaneous time records.

14.     Turke & Strauss generated a lodestar of $232,000 representing the Plaintiffs, as shown in the following chart, which is current as of October 5, 2018:

| Task | Time | Lodestar |
|------|------|----------|
| Pre-suit Investigation | 445 | $148,100 |
| Legal Research | 131 | $48,900 |
| Pleadings/Briefing | 14 | $7,000 |
| Discovery | 0 | 0 |
| Settlement/Class Certification | 46 | 28,000 |

15.     The hourly rates used to calculate the lodestar fall within the range approved as reasonable by courts in similar class action cases.  *See Prison Legal News v. Schwarzenegger*,

DECLARATION OF SAMUEL STRAUSS IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES, EXPENSES, AND FOR CLASS REPRESENTATIVE SERVICE
AWARDS - 5
CASE NO. 4:17-CV-02092-HSG

608 F.3d 446, 455 (9th Cir. 2010) (district court did not abuse its discretion in awarding 2008 hourly rates for Bay Area attorneys of up to $875 for a partner, $700 for an attorney with 23 years of experience, $425 for an attorney with approximately five years of experience, and $190 for paralegals); *In re High-Tech Employee Antitrust Litig.*, 2015 WL 5158730, at *9 (N.D. Cal. Sept. 2, 2015) (finding reasonable "billing rates for partners [that] range from about $490 to $975 ... billing rates for non-partner attorneys, including senior counsel, counsel, senior associates, associates, and staff attorneys, [that] range from about $310 to $800, with most under $500 ... [and] billing rates for paralegals, law clerks, and litigation support staff [that] range from about $190 to $430, with most in the $300 range."); *Gutierrez v. Wells Fargo Bank, N.A.*, 2015 WL 2438274, at *5 (N.D. Cal. May 21, 2015) (finding reasonable rates for Bay Area attorneys of between $475 to $975 for partners, $300 to $490 for associates, and $150 to 430 for litigation support and paralegals).

16.     In addition to professional time expended in the case, Turke & Strauss incurred $5,008.34 in unreimbursed expenses in this case.  The out-of-pocket litigation expenses incurred by Turke & Strauss are summarized below:

| Category of Expense | Amount |
| --- | --- |
| Hotels | $1,504.29 |
| Air Fare | $1,921.75 |
| Meals/Transportation | $730.49 |
| Data Organization/Storage | $851.81 |
| **Total Expenses:** | $5,008.34 |

17.     All of these expenses were reasonable and necessary for the prosecution of this litigation.  The expenses incurred in connection with the litigation are reflected in the financial records of Turke & Strauss maintained by the firm's bookkeeper.  The records are prepared from expense receipts and invoices maintained in the ordinary course of business by Turke & Strauss.

1          I declare under penalty of perjury under the laws of the United States of America that the

2   foregoing is true and correct.

3          EXECUTED at Madison, Wisconsin, this 5th day of October, 2018.

4

5                     /s/ Samuel J. Strauss, *Admitted Pro Hac Vice*

6                     Samuel J. Strauss, *Admitted Pro Hac Vice*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DECLARATION OF SAMUEL STRAUSS IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES, EXPENSES, AND FOR CLASS REPRESENTATIVE SERVICE
AWARDS - 7
CASE NO. 4:17-CV-02092-HSG