United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANA FOWLER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　Defendant. | Case No. 17-cv-02092-HSG<br><br>**ORDER GRANTING DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 97 |

Pending before the Court is Defendant's administrative motion to file under seal the Settlement Class List. Dkt. No. 97. For the reasons articulated below, the Court **GRANTS** Defendant's motion.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled

to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions, however, are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (quotation omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II. DISCUSSION

Defendant seeks to file under seal the Settlement Class List, which includes members' address information and unique identification number. Dkt. Nos. 97, 97-1, 97-2. The Court will apply the good cause standard to evaluate whether the Class List should be filed under seal.

Based on a review of the motion, the accompanying declarations, and the Class List, the Court finds that there is good cause for the Class List to be sealed in its entirety. The Class List is subject to a confidentiality provision in the Settlement Agreement that requires the Class List to be filed under seal. Dkt. No. 80-1 § 7.6 ("No later than thirty (30) days after the Effective Date, the Settlement Administrator, upon the approval of the Court to file under seal pursuant to the Protective Order (to protect the names, addresses, and other personal information of Class Members), will cause to be filed with the Court a list of the names and addresses of all Class Members to whom the Notice was sent."). Further, the Class List contains confidential and personal information about the Class Members, information courts have found important to keep confidential in order to protect an individual's privacy interests and "prevent exposure to harm or identify theft." *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007); *see also Benedict v. Hewlett-Packard Co.*, No. 13-CV-

2

00119-LHK, 22014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (granting motion to seal personal information, including address, phone number, and email address). Accordingly, the Court finds that there is good cause to grant the administrative motion to file the Class List under seal.

### III. CONCLUSION

The Court **GRANTS** Defendant's administrative motion to file under seal. *See* Dkt. No. 97. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motion is granted will remain under seal.

**IT IS SO ORDERED.**

Dated: 4/23/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge